# Frank E. Means, Executor of John F. Means, *v.*
# E. C. Gridley.

*Principal and agent—Trust—Evidence.*

In an action of assumpsit plaintiff claimed to recover a portion of the
proceeds of the sale of an engine. Defendant, who had sold the engine
as the agent of another part owner, claimed that plaintiff either had no
interest in the engine, or, if he had, defendant's principal was plaintiff's
trustee, and, as defendant had accounted for the whole of the proceeds of
the sale to his principal, plaintiff could not recover from him. There was
evidence that plaintiff had exercised acts of ownership over the machine,
and declarations of defendant himself were offered to show that plaintiff
had an independent interest in the property. *Held,* that the case was for
the jury.

Argued March 13, 1894. Appeal, No. 124, Jan T., 1894, by
defendant, from judgment of C. P. Bradford Co., May T., 1889,
No. 556, on verdict for plaintiff. Before STERRETT, C. J.,
WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit to recover portion of proceeds of sale of engine.
Before ARCHBALD, P. J., specially presiding.

On the trial there was evidence to the effect that the engine
was first purchased by one Wallace and placed in an ax fac-
tory on land purchased by Wallace from B. S. Bentley. Wal-
lace paid only part of the purchase money for the land and
never got a deed. A mechanic's lien was filed for the price of
the engine, resulting in a sheriff's sale at which plaintiff bought
Wallace's interest. Plaintiff subsequently conveyed the in-
terest which he had purchased at the sheriff's sale to Bentley.
Plaintiff testified that this conveyance was to enable Bentley
to sell the property in the interest of both of them. Bentley
did not make a sale, and the engine was taken out of the ax
factory and repaired and afterwards sold to one Allis by de-
fendant, acting as agent for Bentley. Defendant claimed that
Bentley was a trustee for plaintiff in the sale of the engine and
that he, defendant, had settled with Bentley's estate for the
whole purchase money. The evidence as to whether Bentley
was trustee or only part owner was conflicting. Plaintiff died
after suit brought and his executor was substituted.

The court left to the jury the questions whether Bentley was a trustee or only part owner, and if part owner whether defendant had knowledge of this fact when he settled. If he had knowledge he was liable for the amount of plaintiff's interest.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were above instructions and answers to points recited in the opinion of the Supreme Court, quoting them.

*S. W. Little, Wm. Little* and *D. C. De Witt* with him, for appellant.

*D'A. Overton, John C. Ingham* with him, for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, Oct. 22, 1894:

The learned judge of the court below, in accordance with the request of the learned counsel for the appellant, charged as follows: "If the jury believe that B. S. Bentley held this property as trustee to sell and dispose of the same, and as such trustee employed the defendant as his agent to make sale of said property, and said agent did sell the same and account to his principal, the trustee, for the proceeds thereof, then the plaintiff in this case cannot recover, and your verdict should be for the defendant." As the verdict was in favor of the plaintiff it may be considered as an established fact in the case that Bentley was not a trustee to sell and dispose of the engine, and as the question whether he was such was referred to the jury in compliance with the request of the defendant's counsel, they cannot be heard to allege that there was no evidence which warranted its submission. But we do not think the learned counsel for the appellant made any mistake in soliciting the instruction we have quoted. They realized that the defence to the action was based on the proposition that Bentley was a trustee to sell the engine, and that Gridley sold it as his agent and accounted to him for the proceeds of the sale. It was therefore entirely proper to ask instructions in regard to the effect of these facts if established to the satisfaction of the jury.

There is no reasonable ground for criticism of the charge in this case if the evidence in it was sufficient to warrant a finding

that Means was the owner of an undivided one half of the engine which Gridley sold to Allis.   Independent of the recognition by the learned counsel for the appellant of the existence of such evidence we have the direct and positive testimony of Means, corroborated by the postal card from Bentley on the 28th of January, 1879, the letter of Geo. G. Waller, executor of Bentley's estate, on the 11th of November, 1887, and the acts and declarations of Gridley in connection with the repair and sale of the engine, to the effect that Means was the owner of an undivided one half of it and that Bentley was not a trustee for him in the sale of it.   In the presence of this testimony the learned court, if requested to do so, could not have withdrawn from the jury the question of Means' interest in the property or of Bentley's relations to it.

The appellant's second point could not be affirmed because it assumed that Bentley was a trustee for Means in the sale of the engine, when, as we have seen, the question whether he was such a trustee was exclusively for the jury upon the evidence in the case.   We do not think that there was any error in the refusal of the learned court to affirm the appellant's third and fourth points.   They appear to have been based on the theory that Bentley was a general trustee for Means in all matters pertaining to the ax factory, and that the latter was chargeable with one half of the expenditures incurred by the former in connection with the management and sale of it.   But whether Bentley possessed the powers implied in the points was a question for the jury upon the evidence, and it would have been plain error for the court to assume that he had, and base an instruction on such assumption.

The specifications of error are overruled.

Judgment affirmed.