(47 Misc. Rep. 230.)

### PEOPLE ex rel. SINCLAIR v. SINCLAIR.*

(Supreme Court, Special Term, New York County. May, 1905.)

INFANTS—CUSTODY—HUSBAND AND WIFE.

 Where a husband and wife have separated because unable to agree, and there is no evidence that they are not equally fit custodians of their son five years old, the father, by reason of his paramount right in law, will be awarded such custody.

 [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parent and Child, § 15.]

Habeas corpus by the people, on the relation of Ella Sinclair, against Daniel A. Sinclair. Motion to vacate order awarding custody of child to relator granted.

George W. McAdam, for relator.
Paul Fuller, for respondent.

BISCHOFF, J. The facts of this case are quite fully discussed in the opinion rendered by the Appellate Division when affirming the order made herein awarding the custody of the child to the relator, its mother. People ex rel. Sinclair v. Sinclair, 91 App. Div. 322, 86 N. Y. Supp. 539. At the time when the order, thus affirmed by the Appellate Division, was made, the child, a boy, was three years of age. He is now five years of age, and the respondent moves for an order giving him the custody. So far as the rights and merits of the controversy, which has resulted in the unfortunate estrangement of this husband and wife, are concerned, the situation is the same in all its essential details as it was when the order was originally made, giving the custody of the child to the wife; but the sole ground upon which this order was affirmed was that, in view of the tender age of the child, its welfare required that it should receive its mother's care, and that, so far, the paramount right of the father should give way. As was said by the Appellate Division in this case, with reference to the provisions of Domestic Relations Law, Laws 1896, p. 222, c. 272, § 40, whereby the rights and duties of husband and wife with regard to the children are assimilated:

 "It is the undoubted rule that the husband is regarded in the law as the head of the household, and the law awards to him the care and the custody of the children, and charges upon him the duty of their proper care and maintenance, as well as the support of his wife. And, unless some reason appears, the court is not justified in interfering with the law in this regard, but is bound to confirm such right in the husband in the event that the welfare of the child will not be prejudiced thereby."

While affidavits have been submitted to some length by both parties upon the present application, there is no substantial ground for a conclusion that this husband and wife are not equally fit custodians of this child, so far as the matter depends upon their personal qualities, their moral standing, and their ability, financially, to accord to the child all that its welfare would require. The separation has been due to the fact that these parties have been unable to agree in their domestic relations. Whether they will be able to come to better accord in the future is a matter which it is not within the power of the court to

*Affirmed in 94 N. Y. Supp. 1159.

forecast, but, treating the matter as it is presented, in view of the ex-- isting separation, the age of the child, and the relative fitness of the parents as its custodians, I must hold that the father, by reason of his paramount right in law, is entitled to the custody of the child at this time. A boy of three years of age may properly be deemed to be of such tender age that considerations of his welfare call for his having a mother's care, but the same cannot be said when the child has reached the age of five. The domestic relations law not having effected any substantial change in the husband's paramount right, founded upon his primary duty to support the family, the case of People ex rel. Barry v. Mercein, 3 Hill, 399, 38 Am. Dec. 644, is an authority directly in point. In that case the court held that the father was entitled to the custody of his child when the child had reached the age of five years; the custody having theretofore been awarded to the mother by reason of the tender age of the child. Other things being equal, I find no escape from the conclusion that the respondent's claim to the possession of this child at its present age must control. If the question of the child's tender years, as bearing upon the necessity of his having a mother's personal care, is not eliminated at the age of five years, it is difficult to see how it would be eliminated at the age of ten years, and I conclude, therefore, that the "changed conditions and lapse of time," referred to by the Appellate Division as affording the respondent the right to interpose for the assertion of his claim to the possession of the child, are sufficiently present to justify the granting of the relief sought.

Motion granted.