# ATTORNEY AND CLIENT—ERROR—MASTER AND SERVANT —TRIAL.

[Hamilton (1st) Circuit Court, January 30, 1909.]

Swing, Giffen and Smith, JJ,

### DAYTON FOLDING BOX CO. v. DANIEL RUEHLMAN.·

1. PREJUDICIAL REMARKS BY COUNSEL TO JURY REQUIRING REVERSAL.

Statements of fact being made by counsel during a trial, within the hearing of·a jury, that are prejudicial, incompetent or not at issue, should be corrected immediately and modified by the trial judge without waiting to be reminded by opposing counsel; in default of so doing, the wrong being one impossible˙ of nullification or its not manifestly appearing on review that no prejudice in the minds of the jury resulted therefrom, the judgment should be reversed.

2. MASTER'S LIABILITY AFTER INEFFECTUAL ATTEMPT TO REPAIR DEFECTIVE MACHINERY.

A verdict for damages for injuries received by an employe resulting from defective machinery after an ineffectual effort to repair it will not be reversed, it clearly appearing that the machine at which plaintiff was ·employed was not working properly, an effort, was made to repair it and he was assured that it was all right; the fact that the repair was not made at the exact time claimed by plaintiff is immaterial.·

[Syllabus approved by the court.]

ERROR to the superior court of Cincinnati.

Galvin & Galvin, for plaintiff in error:

Box Co. v. Ruehlman.

**V. E. Heintz,** for defendant in error:

Cited and commented upon the following authorities. *Hollis* v. *Glass Co.* 220 Pa. St. 49 [69 Atl. Rep. 55]; *Saxton* v. *Railway,* 219 Pa. St. 492 [68 Atl. Rep. 1022]; *Wagner* v. *Hazle Tp.* 215 Pa. St. 219 [64 Atl. Rep. 405]; *Cunningham* v. *Heidelberger,* 48 Misc. 614 [95 N. Y. Supp. 554]; *Manigold* v. *Traction Co.* 81 App. Div. 381 [80 N. Y. Supp. 861]; *Lenahan* v. *Coal Mining Co.* 70 Atl. Rep. 884 (Pa.); *Third Nat. Bank* v. *Faults,* 115 Mo. App. 42 [90 S. W. Rep. 755]; *Balder* v. *Furnace Co.* 103 Minn. 345 [114 N. W. Rep. 948]; *City Electric Ry.* v. *Salmon,* 1 Ga. App. 491 [57 S. E. Rep. 926]; *Georgia Midland & G. Ry.* v. *Evans,* 87 Ga. 673 [13 S. E. Rep. 636]; *Johnstone* v. *Railway,* 45 Wash. 154 [87 Pac. Rep. 1125]; 29 Cyc. 775; *Hayes* v. *Smith,* 62 Ohio St. 161 [56 N. E. Rep. 879]; *Cleveland, P. & E. Ry.* v. *Pritschau,* 69 Ohio St. 438 [69 N. E. Rep. 663; 100 Am. St. Rep. 682].

**SWING, J.**

This case is in this court on error to a judgment rendered in the superior court of Cincinnati, wherein a judgment was recovered by Ruehlman in an action for personal injuries.

It is urged that the judgment is not sustained by sufficient evidence. We think it is sustained by sufficient evidence. The evidence clearly shows that the machine which produced the injury had not worked properly; that the defendant was informed of the fact by Ruehlman; that the defendant attempted to fix the machine, and informed plaintiff that it was all right—although the weight of the evidence is probably to the effect that the machine was not fixed at the exact time claimed by the plaintiff. It might have been fixed a few days before but this is not material. From the evidence the jury had a right to believe and find that the injury was caused by the defective machine.

During the progress of the trial the following occurred:

"Mr. Galvin: If Dr. Van Meter is here, plaintiff can subpoena him and call him if he desires.

"Mr. Heintz: But he is the physician of the defendant.

"Mr. Galvin: He is not the physician of the defendant, but is a regular practicing physician of this city and belongs to no one.

"Mr. Heintz: Well, then, he is the physician of the insurance company which you represent and which is defending this suit.

"Mr. Galvin: I object to that statement from counsel for plaintiff, and I move the court that this case be now withdrawn from consideration by the jury, because of the misconduct of counsel and the improper remarks of counsel for the plaintiff in the statement made

Hamilton County.

in the presence of the jury that there is an insurance company back of the defense of this action, and because said statement is outside of the record, foreign to the question we are trying and made for no other purpose than to prejudice the jury. I insist upon my motion that the case be withdrawn from the consideration of the jury and the cause continued."

This motion was overruled; to which counsel for defendant excepted.

It is the duty of a judge in the trial of a cause before him to see that the cause is tried in accordance with the established principles of the law. The cause is to be tried upon the issues made in the pleadings, and the evidence which is competent to support these issues, the arguments of counsel upon these issues, and the evidence and the charge of the court pertinent to the issues and the evidence. This duty is ever present with the judge during the trial, and where evidence is sought to be introduced which is not only incompetent but which is calculated to prejudice the jury, or when counsel make statements of fact which are not in issue, which are calculated to prejudice the minds of the jury, it is the duty of the judge to immediately interpose and correct the wrong without waiting to be reminded of it by counsel. There may be cases where the judge by proper admonitions to the jury may nullify this wrong, but there are cases where this cannot be done, and in these cases the only safe way is to discharge the jury and continue the case. *Clev. P. & E. Ry.* v. *Pritschau,* 69 Ohio St. 438 [69 N. E. Rep. 663; 100 Am. St. Rep. 682] ; *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. Rep. 571] ; *Wagner* v. *Hazle Tp.* 215 Pa. St. 219, 226 [64 Atl. Rep. 405] ; *People* v. *Sinclair,* 95 N. Y. Supp. 861.

In this case the court did not interfere of its own motion and admonish the jury, but when counsel objected to remarks of counsel the objection was overruled, and the remarks therefore went to the jury with the court's approval.

The remarks made by counsel are clearly improper and manifestly calculated to prejudice the jury, and it does not manifestly appear from the evidence that what was said did not influence the jury in arriving at its verdict, and while we hold that the verdict is not manifestly against the evidence, we also hold that it does not clearly appear that the jury was not influenced in arriving at its verdict by this improper statement of counsel made in its presence.

Judgment reversed.

**Smith** and **Giffen, JJ.,** concur.