# Martin *v.* Baden Borough, Appellant.

*Appeals—Assignments of error—Refusal of instructions.*

1. Assignments of error based upon failure to instruct will be disregarded on appeal when the record does not show the instruction in question was asked for, or, if asked for and refused, that any exception was taken.

*Evidence—Land damages—Municipalities—Change of grade—Contract with third party—Instruction to disregard—Street railways.*

2. In an action by a property owner against a borough to recover damages sustained by reason of the change of grade of a public street, the admission of a contract between the borough and a street railway company for the purpose of showing that while the change of grade was a municipal improvement, undertaken by the borough, yet the railway company under its contract with the borough had obligated itself to do the work, and did do it, as the agent of the borough, constitutes error and the error is not cured by an instruction to disregard this testimony.

Argued Oct. 11, 1911. Appeal, No. 2, Oct. T., 1911, by defendant, from judgment of C. P. Beaver Co., Nos. 138, and 145, June T., 1908, on verdict for plaintiff in case of Naomi Martin v. Borough of Baden. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Appeals from award of viewers. Before HOLT, P. J.

In the year 1906, the borough of Baden in Beaver county, improved a number of its streets, one of which, Schiller street, was graded, and one, State street, being one and five-eighths miles in length, was widened, graded,

curbed and paved with concrete and brick. After the improvements were completed, on petition of the borough under the Act of May 16, 1891, P. L. 75, to assess benefits and award damages caused by the improvement, viewers were appointed. The plaintiff, Naomi Martin, an owner of property on both streets, was not awarded any damages by the viewers and thereupon an appeal was taken to the common pleas.

Verdict for plaintiff for $3,529.33 and judgment thereon. Defendant appealed.

*Errors assigned* were as follows:

1. The court erred in admitting ordinance No. 19 of the borough of Baden, it being an ordinance granting a franchise to the Ambridge and Baden Electric Street Railway Company to construct and operate a street railway on State street in said borough; the ordinance being incompetent, irrelevant and immaterial.

2. The court erred in refusing to instruct the jury as requested by the defendant, as follows:

If the jury believe that the property of the plaintiff by reason of the improvement of State street has been benefited over and above the damage sustained, they can find in favor of the defendant and against the plaintiff in a sum not to exceed $900, that being the total amount of damages awarded by the jury of view that the borough was compelled to pay by reason of said improvement.

3. The court erred in admitting testimony showing that plaintiff was deprived of the use of her mill while it was being raised and consequently suffered a loss in business.

4. The court should have instructed the jury that when the plaintiff gave her consent to the borough to raise her mill building so as to conform to the new grade of the street, that she thereby assumed the risk of any injuries done in the raising thereof, and that having given her consent, she has no standing now to complain of the manner in which it was raised.

5. The court erred in not admitting testimony per-

mitting the defendant to show what the plaintiff had paid for the mill and machinery a few years prior to the time it was raised by the defendant. The only difference in the property and machinery therein at the time plaintiff purchased it and at the time it was raised being a second-hand gas engine, the cost of which was testified to by one of the plaintiff's witnesses.

6. The court erred in admitting the testimony of J. D. Frazier to testify as to the injuries done to the property of the plaintiff for the reason that he did not see the property until two years after the building and machinery were raised.

*Edwin S. Weyand,* with him *Forest G. Moorhead,* for appellant.

*William A. McConnel,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

We have here six assignments of error. We shall dispose of them somewhat out of the order in which they are presented. The second complains that the court refused to instruct the jury that, if they believed that the property of plaintiff, by reason of the improvement of State street, had been benefited over and above the damage sustained, they could find in favor of the defendant and against the plaintiff to the limited extent stated in the proposition. It is enough to say with respect to this, that the record does not show that any such instruction was asked for, or, if asked for and refused, that exception was taken. The fourth complains that the court should have instructed the jury, that when the plaintiff gave her consent to the borough to have her mill raised so as to conform to the new grade of the street, she thereby assumed the risk of any injuries to her mill. It is enough to say as to this, that the learned judge was not asked to so instruct the jury. We may venture to add that he could not have done so had he been requested. The third, fifth and sixth assignments relate to the admission and

rejection of certain testimony. These three assignments are in plain disregard of rule 28, and cannot therefore be considered. All the assignments above referred to are dismissed. The first assignment charges error in admitting the contract between the borough and a certain street railway company, wherein certain franchises are conferred upon the railway company and certain obligations imposed. The assignment barely escapes a like condemnation with the others. When it is recalled that this was an issue to determine what amount of damages the plaintiff had sustained by reason of the change of grade of a public street, it is impossible to see any relevancy this contract has to the issue being tried. It was admitted on the ground, that while the change of grade was a municipal improvement, undertaken by the borough, yet the railway company under its contract with the borough had obligated itself to do the work, and did do it, as the agent of the borough. What possible difference could it make if the borough instead of doing the work itself employed another agency, or, how could such fact be relevant to the issue tried? Had the borough engaged individual contractors to do this work, it would certainly not have been thought necessary or important to introduce such fact in an action against the borough for damages. The complaint is that the evidence was offered with a view of having the railroad company considered the real defendant; that having been admitted, the evidence did so operate, with the result that the verdict was larger than it otherwise would have been. We have no way of determining how this is, but the fact that the viewers awarded nothing to the plaintiff, and on appeal she recovered a verdict at the hands of the jury of more than $3,000, lends some support at least to the contention of the defendant. We express no opinion as to the merit of the plaintiff's claim, but we do take occasion to condemn the introduction into a case of this kind of anything so foreign to the issue as this evidence was, especially where it can be employed as an appeal to prejudice. It is evident

from the following excerpt from the charge of the court, that to the mind of the learned judge the evidence was calculated to have this very effect. "It seems that the work upon the ground was performed by the Beaver Valley Traction Company as the agent of the borough of Baden, and this ordinance was offered for the mere purpose, and you can consider it for no other purpose, that while the work was done by the street railway company, the company really did it as the agent and representative of the borough of Baden, and that any liability to property owners growing out of a change of grade of these streets, would have to be borne by the borough of Baden; so that you will give yourselves no concern, whatsoever, so far as the traction company is concerned, except merely that the work was done by it as the agent of the borough; for the borough will be responsible, liable, for whatever amount of damages property owners sustained in and along the highway by reason of the work which the traction company did in grading and doing this work upon the streets." It is to be observed that as explicit as this instruction is, it fails in the very important matter of final and ultimate liability, and leaves the jury free to conjecture that there could be recovery over against the railway company for whatever damages might be assessed against the borough. Apart from this, the evidence being inadmissible and calculated to affect the minds of the jury, as is apparent from the charge of the court, the only way to correct the error of its admission was to order it to be wholly withdrawn. The instruction to disregard it came too late: Erie & W. V. R. Co. v. Smith, 125 Pa. 259. As the case is exhibited by the record we can only say that the evidence was improperly admitted, and that the instruction in regard to it was insufficient to neutralize any prejudicial effect it was calculated to produce. We are not sure that prejudice did not result to the defendant in consequence, and we sustain this assignment of error. The judgment is reversed and a venire facias de novo is awarded.