# Scranton Gas & Water Company *v.* Weston, Appellant.

*Contract—Consideration—Compromise of disputed claim—Accord and satisfaction.*

1. A compromise of a disputed claim is a consideration sufficient to support an agreement of settlement. Such a contract is binding on the parties and can only be rescinded when they mutually agree to that effect.

2. Where a dispute has arisen between two parties as to liability for the negligent injury of an automobile, and the owner of the automobile agrees to accept a car body of the same style and make in place of the injured car body, and in pursuance of such agreement the other party buys and delivers such a car body at a place convenient for the owner, the latter is bound by the agreement of settlement.

3. In an action to recover damages for the negligent injury to an automobile where it appears that the car body and other parts of the car were injured, it is not error to refuse to permit the defendant to show that he had purchased and offered to deliver to the plaintiff

a car body of a price stated and of the same character as that which was injured, where the offer is made in mitigation of damages only.

Argued March 3, 1914.   Appeal, No. 12, March T., 1914, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1911, No. 442, on verdict for plaintiff in case of Scranton Gas & Water Company v. Charles S. Weston.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass to recover damages to an automobile.   Before BALDRIDGE, P. J., specially presiding.

At the trial it appeared that the plaintiff claimed to recover damages for the alleged negligent injury to an automobile.

When John F. Broadbent, a witness for the defendant was on the stand, the following offer was made:

Mr. Price: We propose to prove by the witness on the stand that he in company with Mr. Teeter, went to Mr. Scranton's office, the office of the Scranton Gas & Water Company, and after some negotiation looking to a settlement they made inquiry with reference to the purchase of a comparatively new Pierce-Arrow body. That they received from the Pierce-Arrow company a letter stating the condition of a body which they would sell at $450.   At one of the visits to the company's office they showed this letter to Mr. Scranton, and he said to them, "I will take that body but I won't take a ramshackle body."   That they ordered the body, paid for it, and it was brought to Gould's carriage works on Linden street in the city of Scranton the first week in December, 1910.   That it was a comparatively new Pierce-Arrow body, in A-No. 1 condition.   We propose to follow this evidence by that of Mr. W. R. Teeter that he went to Mr. Scranton for Mr. Weston, the defendant, immediately after the arrival of the body, told him the body was here, that it was a fine body, and Mr. Scranton said, "I will send the car over and have

it put on." That a year after that Mr. Teeter, in company with Mr. Welsh, went to see Mr. Scranton about the matter with reference to the settlement, and that Mr. Welsh recounted in substance the facts detailed in this offer, telling Mr. Scranton that he had said he would send his car and get the body, and he said, "What if I did, what if I did?"

Judge Kelly: What is the purpose of this?

Mr. Price: The purpose of this offer is to show an agreement in discharge of the damages in this case, in the nature of an accord and satisfaction or release or an agreement affecting the damages.

Judge Kelly: This is objected to as incompetent for that purpose or for any other purpose, irrelevant and immaterial. There is no consideration shown for the alleged agreement to accept a body of a car, and if the offer is proven to be true and found to be true, it would not be binding upon the plaintiff company for the reason that it was a mere nudum pactum or naked promise; and for the further reason that there is no authority shown in the president of the company to make such an agreement, and the offer generally is irrelevant, incompetent, and immaterial because it simply tends to show or offers to show efforts to compromise the matter which were not successful, which were not carried out.

The Court: We will sustain the objection. Exception noted for the defendant.

Mr. Price: I wish to add to the offer that we will also prove by the witnesses that this body was to be taken in full settlement of the damages claimed.

Judge Kelly: We make the same objection.

The Court: We will adhere to the previous ruling. Exception noted for the defendant. [1]

Mr. Price: We offer to prove by the witness on the stand that they purchased a body for $450 of the same character as that which was injured, a comparatively new body.

358 SCRANTON GAS & W. CO. *v.* WESTON, Appellant.

Statement of Facts—Opinion of the Court.   [57 Pa. Superior Ct.

Judge Kelly: We object to that as immaterial, irrelevant and incompetent.

The Court: We will sustain the objection. Exception noted for the defendant. [5]

Verdict and judgment for plaintiff for $1,445.55. Defendant appealed.

*Errors assigned* were (1, 5) rulings on evidence, quoting the bill of exceptions.

*J. H. Price*, with him *S. B. Price* and *C. B. Price*, for appellant.—An agreement of compromise is a valid and binding contract: Sutton v. Dudley, 193 Pa. 194; Flegal v. Hoover, 156 Pa. 276; Fleming v. Ramsey, 46 Pa. 252; Hays v. Lusk, 2 Rawle, 23; Brown v. Sloan, 6 Watts, 421; Cavode v. McKelvey, Addison, 56; Fink v. Farmers' Bank of Harrisburg, 178 Pa. 154–170; Christie v. Craige, 20 Pa. 430; Logan v. Mathews, 6 Pa. 417.

*W. J. Fitzgerald*, with him *Edward J. Kelly*, of *O'Brien & Kelly*, for appellee.—An unexecuted agreement to pay to plaintiff a sum certain, in satisfaction of a pending suit, and an agreement by plaintiff to receive the same and release the defendant, is not sufficient in law to defeat a recovery: Reed v. Martin, 29 Pa. 179; Hearn v. Kiehl, 38 Pa. 147; Hosler v. Hursh, 151 Pa. 415; Spence v. Spence, 4 Watts, 165; Schwartzfager v. Pittsburg, etc., Ry. Co., 238 Pa. 158.

The difference between the value of the automobile before the injury and the value after the injury is the measure of damages: Price v. Newall, 53 Pa. Superior Ct. 628.

OPINION BY HENDERSON, J., July 15, 1914:

The plaintiff had purchased and was the owner of a used Pierce Arrow automobile which an employee left standing in an alley near the door of a garage. The

defendant's automobile driven by his chauffeur collided with the plaintiff's as a result of which collision the plaintiff's machine was damaged to a considerable extent. The plaintiff alleged that the accident happened wholly because of the negligence of the defendant's servant and that a consequent liability of the defendant arose. The defendant claimed that there was concurrent negligence on the part of the plaintiff's employee in charge of its automobile. At the trial the defendant offered to prove that prior to the bringing of the action by the plaintiff Mr. Broadbent and Mr. Teeter, representing the defendant, went to the office of the president of the plaintiff company, who had authority to act in the premises, and entered into negotiation with him looking to a settlement; that they inquired with reference to the purchase of a comparatively new Pierce Arrow body to take the place of the one damaged in the collision and stated that they had received from the Pierce Arrow Company a letter giving the condition of a body which it would sell at $450, which letter they showed to him, whereupon the president said: "I will take that body but I won't take a ramshackle body;" that they then ordered the body, paid for it and caused it to be brought to Gould's Carriage Works on Linden street in the city of Scranton the first week in December, 1910; that it was a comparatively new Pierce Arrow body in A. No. 1 condition; that immediately after the arrival of the body Mr. Teeter went to the president of the company and told him the body was there and that it was a fine body, to which the president replied "I will send the car over and have it put on;" that this body was to be taken in full settlement of the damages claimed; that a year after that Mr. Teeter in company with Mr. Welsh went to see the president with reference to the settlement and Mr. Welsh recounted in substance the former arrangement with the president and that he had said he would send his car and get the body and that in reply to this state-

ment of Mr. Welsh the president said, "What if I did, what if I did." This offer was rejected by the court on the ground that it was an attempt to show an unexecuted accord and satisfaction. In thus disposing of the question the learned trial judge overlooked the distinction between an agreement of compromise and an accord and satisfaction. The offer was not to prove an accord but to show that the parties had agreed to settle an existing dispute on terms mutually satisfactory. That a compromise of a disputed claim is a consideration sufficient to support an agreement of settlement is shown by a long catalogue of adjudicated cases. Such a contract is binding on the parties and can only be rescinded when they mutually agree to that effect: Hennessy v. Bacon, 137 U. S. 78; Adams v. Crown Coal and Tow Company, 198 Ill. 445; Dunham v. Griswold, 100 N. Y. 224; Galusha v. Sherman, 105 Wis. 263; Gates v. Shutts, 7 Mich. 127; Logan v. Mathews, 6 Pa. 417; Hays v. Lusk, 2 Rawle, 23; Christie v. Craige, 20 Pa. 430; Fleming v. Ramsey, 46 Pa. 252; Flegal v. Hoover, 156 Pa. 276; Fink v. Farmers' Bank of Harrisburg, 178 Pa. 154; Sutton v. Dudley, 193 Pa. 194. The parties were competent to contract; they were negotiating in regard to a doubtful claim; there was no misunderstanding in regard to the situation nor superior knowledge of one party affecting the question of compromise, and the agreement if made as proposed to be shown rested on a legal consideration. We must assume for our present purpose that the body purchased by the defendant to take the place of the damaged one was of the kind and quality stated in the offer and contemplated by the parties in the agreement referred to. If the plaintiff through its president agreed to receive such a body in satisfaction of the claim and pursuant to such agreement the defendant bought and paid for the thing which the plaintiff agreed to accept, fair dealing requires that that agreement be enforced. The plaintiff had a claim for damages more or less doubtful in its nature. It

substituted for this claim an agreement to take a car body of the same style and make in place of its injured car body and pursuant to such agreement the defendant bought and delivered that body at a place convenient for the plaintiff. If the circumstances are such as were suggested in the offer it ought not to be afterward permitted to demand money instead of the replaced car body. This was the very question decided in Christie v. Craige, supra. The case of Schwartzfager v. Pittsburg Ry. Co., 238 Pa. 158, cited by the learned trial judge turned on the fact that although a compromise agreement had been made and had been performed in part the defendant failed to carry out its most important undertaking. It is evident that it could not rely on the agreement of settlement which it had failed to perform as a defense in a suit on the original cause of action. The first assignment of error is sustained.

We are not convinced that the proposition contained in the fifth assignment of error was admissible. It was an offer to prove that the defendant purchased a car body for $450 of the same character as that which was injured—a comparatively new body. This offer was made in mitigation of damages as appears from the argument of the learned counsel for the appellant. If it had been a proposal to prove the market value of a body of the kind and condition owned by the plaintiff before the injury we think it would have been admissible, but proof that the defendant obtained a body of that kind is by no means the same thing. If the plaintiff had an opportunity to go into the market and replace the car body evidence bearing on the market value of the thing to be bought would be competent as casting light on the extent of the whole of the plaintiff's loss. It would not be admissible for the purpose of fixing the amount of the damage, however, as there was evidence of other injury to the car. It would be a consideration to be taken into account by the jury in determining

the amount of the whole injury. We do not discover anything in the case which justifies the submission of the question of contributory negligence to the jury.

The judgment is reversed with a venire facias de novo.