## Scranton Gas & Water Company *v.* Weston, Appellant.

*Negligence — Automobiles — Testimony as to insurance — Evidence.*

In an action to recover damages for injuries to an automobile resulting from an accident, it is reversible error for the court to permit evidence to be introduced relating to the defendant's insurance in a liability company.

The rule permitting the introduction of the whole of a conversation where a part has been admitted relates to relevant conversations but not to all of the matters concerning which the witnesses may have talked.

Argued March 8, 1916. Appeal, No. 13, March T., 1916, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1911, No. 422, on verdict for plaintiff in case of Scranton Gas & Water Company v. C. S. Weston. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before STAPLES, P. J., specially presiding.

See 57 Pa. Superior Court, 355.

At the trial when W. W. Scranton, a witness for plaintiff was on the stand, he was asked this question:

"Q.—Just tell us if you had any conversation with reference to the accident with Mr. Weston, and give us the circumstances surrounding your first talk with him about it? A.—I don't remember whether I asked Mr. Weston to come over and see me or whether he came himself, but we had a talk about it. I told him I reckoned the damage at about $1,500, that the car was worth—we had received an offer of $1,500 for the car some time before and had declined it because we thought it was worth more, we thought it was worth about $2,000. I told him, of course, the measure of damage was the difference be-

tween what it was worth before and what was left of the car after his chauffeur had smashed it. He said that he was sorry but unfortunately he was tied up with the insurance company by a contract, that his contract—

"Mr. S. B. Price: I object to that and ask to have it stricken out.

"Mr. O'Brien: We object to the motion. We have a right to all the conversation between Mr. Weston and the witness.

"Mr. Price. There is another objection; it is not in rebuttal of anything proved or disproved.

"The Court: The evidence of this witness being offered, as the court is of the opinion, to contradict the alleged settlement, it is competent to show all that took place between the parties leading up to the alleged settlement, and while it may have an effect other than that desired in some parts of the conversation, yet the court is obliged to permit the witness to tell the whole conversation, but any part of it relating to extraneous matters may not be made a matter of comment to the jury. Objection overruled. Exception noted for the defendant.

"Mr. O'Brien: Q.—Proceed where you left off? A.— Mr. Weston said that if it was simply a matter between himself and me that he would be willing to settle on whatever I thought was a fair settlement, but that unfortunately he was tied up with a contract with the insurance company, he wasn't to be allowed to interfere in the case in any way, they hired their own lawyers and were to run the thing; in other words, that it wasn't a matter at all between Mr. Weston and myself, but between me and the insurance companies; that is what it really was. Well, I objected to that; I said that I had nothing—we had nothing to do with the insurance companies; if he had been foolish enough or so unfortunate as to tie himself up in any contract of that kind that was entirely his affair, that the insurance companies hadn't injured us, but his chauffeur had. He said he was insured for only a thousand dollars and any verdict that

might be given over a thousand dollars he would have to make up. Well, I said, that was entirely for him and didn't affect us at all in any way, suit was against him, we had no bother with the insurance companies, we didn't care anything about them, it was entirely a matter between him and us, and that the fair measure of damage was the difference between what the car had been worth before the accident and what we could get for the car in its present shape in which his man put it.

"Mr. Price: Defendant's counsel move to strike out all the conversation related by the witness with reference to insurance and any matter which is immaterial to the issue trying.

"Mr. O'Brien: Counsel for the plaintiff object to the motion to strike out for the reason as stated before, that is to say, we are entitled to have all of the conversation given in evidence by the witness as he recalls it.

"The Court: The contention of the defendant in this case, as the court understands it, is to the effect that there was a full settlement made of this matter between Mr. Scranton, the president of the Scranton Gas and Water Company, and the representative or agents of Mr. Weston, by his authority, and that Mr. Weston, who has been upon the stand, testified to some of the matters relating to this settlement, and in the light of that the court is of the opinion that the whole conversation between Mr. Weston and Mr. Scranton on the question of settlement may be given. The motion is denied. Exception noted for the defendant." (1)

Verdict and judgment for plaintiff for $791. Defendant appealed.

*Error assigned,* among others, was (1) rulings on evidence quoting the bill of exceptions.

*J. H. Price,* with him *C. B. Price* and *S. B. Price,* for appellant.—The fact that defendant was insured cannot be introduced in evidence as part of an immaterial con-

versation: Erie & W. V. R. R. Co. v. Smith, 125 Pa. 259;
Walsh v. Wilkes-Barre, 215 Pa. 226; Martin v. Baden
Boro., 233 Pa. 452; Bray v. Hazle Twp., 15 Luz. 356;
Hollis v. U. S. Glass Co., 220 Pa. 49; Lenahan v. Pitts-
ton Coal M. Co., 221 Pa. 626; Curran v. Lorch, 243 Pa.
247.

*Joseph O'Brien,* with him *Edward J. Kelly,* for ap-
pellee.—The evidence complained of was in rebuttal of a
very material part of the defendant's defense.    The
plaintiff below was entitled to give all the conversation:
Bank v. Donaldson, 6 Pa. 179; Sherwood v. Titman, 55
Pa. 77; Lenahan Coal Mining Co., 221 Pa. 626; Randal
v. Gould, 225 Pa. 42.

OPINION BY HENDERSON, J., July 18, 1916:

The facts out of which this appeal arises appear in the
report of a former appeal in the same case between the
same parties, 57 Pa. Superior Ct. 355.    One of the de-
fenses presented was that the plaintiff through W. W.
Scranton, its president, and the defendant, through W.
R. Teeter and J. F. Broadbent acting for him, had en-
tered into an agreement under which the defendant
would provide a Pierce Arrow secondhand body to re-
place the damaged body of the plaintiff's car and that the
plaintiff was to accept this in settlement of any claim it
might have for damages against the defendant; that
pursuant to this agreement the defendant's agents pro-
cured a secondhand body for which they paid $450.00
and alleged to be better than the plaintiff's and that
when the body thus purchased was tendered to the plain-
tiff through Mr. Scranton he refused to accept it.    This
agreement was denied by Mr. Scranton, his allegation
being that he told Teeter and Broadbent that they might
bring on the car body and that he would look at it to
see whether it was satisfactory but that no agreement
was made that he would take it if it was as good as was
represented.    The issue thus made up on this part of the

case was whether Mr. Scranton entered into an agreement with Teeter and Broadbent to the effect that if they procured a car body as good as, or better than, the one destroyed he would accept it in satisfaction of the claim for damages. When called as a witness Mr. Scranton testified under objection as set forth in the first assignment of error in the course of which examination he gave a conversation alleged to have been had with the defendant in which Mr. Weston said to him he was tied up with a contract with the insurance company; he was not to be allowed to interfere in the case in any way; they hired their own lawyers and were to run the thing; in other words, that it was not a matter at all between Mr. Weston and himself but between him and the insurance companies. Further statements in regard to the insurance were given in the same connection. A motion was properly made to strike out that portion of the evidence relating to insurance on the car, which motion was overruled. The testimony was admitted on the ground that it was part of the conversation had by the plaintiff's president with Mr. Weston and that as the latter had referred in his testimony to a meeting with Mr. Scranton and a conversation about the accident the whole conversation between them should be allowed. A consideration of the issue and an examination of the evidence show that the conversation related by Mr. Scranton was not at all relevant and its obvious effect was to prejudice the minds of the jurors. The testimony of Mr. Scranton as well as that of the defendant and his witnesses makes it clear that the arrangement contemplated or completed for the purchase of the Pierce Arrow body was discussed between Mr. Scranton on one side and Teeter and Broadbent on the other. It is conceded that no arrangement was made between the defendant personally and Mr. Scranton for the substitution of the car body. All of that negotiation was carried on by Teeter and Broadbent with Mr. Scranton. The testimony excepted to had no tendency to rebut the defendant's al-

legation as to the alleged contract for the obtaining of the car body. It did however introduce a subject foreign to the issue pending and well calculated to affect the jury in a manner prejudicial to the defendant. It is very clear that the subject of insurance could not have been introduced directly by the plaintiff and we do not find anything in the testimony which makes it a legitimate subject of evidence when presented in rebuttal. Conceding that the defendant had made the statement attributed to him in regard to the insurance it was wholly an immaterial matter to be introduced into the case and its materiality could not be established by the circumstance that some reference had been made to the subject in a conversation prior to the time when the agreement set up by the defendant had been entered into. The effect of the evidence would be to shift the controversy to one between the plaintiff and the insurance company and would tend to excite prejudice against the defendant. Mr. Justice MESTREZAT in Walsh v. Wilkes-Barre, 215 Pa. 226, clearly sets forth the objection to evidence of this kind as does also Mr. Justice STEWART in Martin v. Baden Boro., 233 Pa. 452. It was said by Mr. Justice FELL in Hollis v. U. S. Glass Co., 220 Pa. 49: "It has been repeatedly held in other jurisdictions that the bringing to the attention of the jury the fact that the defendant in an action for personal injuries was insured by an employers' liability company, was cause for reversal, whether done by admission of testimony or the statement of counsel"; and in Lenahan v. Coal M. Co., 221 Pa. 626, that "The fact that the defendant in an action for personal injuries is insured in an employers' liability company has not the slightest bearing on the issue. It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by testimony offered by him, by statements of his counsel, by offers of proof or by questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal: Walsh v. Wilkes-Barre,

215 Pa. 226; Hollis v. Glass Co., 220 Pa. 49. The rulings of these cases will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated." To the same effect is Curran v. Lorch, 243 Pa. 247. In the light of these authorities the recital by the plaintiff's witness of his conversation with the defendant in regard to insurance against accidents was inadmissible. The rule permitting the introduction of the whole of a conversation where a part has been admitted relates to relevant conversations but not to all of the matters concerning which the witnesses may have talked. The defendant's objection to the evidence and his subsequent motion to strike out should have been sustained. It is unnecessary to consider the other assignments of error. They relate to portions of the charge of the court which will probably not reappear in the exact form in another trial.

The judgment is reversed with a venire facias de novo.