## Lyda, Appellant, *v.* Edwards et al.

Argued April 10, 1928.

Before POR-
TER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

*E. Walker Smith,* for appellant.

*W. M. Ruddock,* and with him *James W. Mack* and
*Harry Earhart,* for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

The judgment in this case was entered by confession
alleged to have been authorized by a warrant con-
tained in a lease. The lease was dated January 1,
1920, and under its covenants the plaintiffs leased to
the defendants a store building for the term of ten
years, beginning January 31, 1920, at the rental of $125
per month, payable monthly in advance, the lessees to
pay the rent regularly as it fell due or within five
days thereafter. The defendants went into possession
of the property and therein maintained a large stock

of goods until November 7, 1926, when the store building, together with defendants' stock of goods therein, was destroyed by fire. On December 16, 1926, the plaintiff caused judgment to be confessed against the defendants in the sum of $5,486.25, which included therein an attorney's commission of $261.25. The plaintiff averred in his statement that the sum for which judgment was entered was for rent, "which fell due on November 8, 1926 and was payable, by the terms of said lease on November 8, 1926; that said defendants have neglected, failed and refused to pay said rent." The statement further averred "that said rent is due by reason of and under a certain lease, copy of which is hereto attached and made part hereof." The plaintiff at once caused an execution attachment to issue and summoned as garnishee the insurance company which had issued to the defendants a policy of insurance upon the goods which had been destroyed by fire. It is unnecessary for the purpose of this case to consider what proceedings were had upon that attachment. On June 29, 1927, the plaintiff, in consultation with his attorney who was present, entered into an agreement, under seal, with the duly authorized representatives of the defendants, to satisfy the said judgment and dissolve the execution attachment thereupon issued upon payment by the defendants of the sum of $500, the payment of record costs on the judgment and attachment, and the payment of attorney's fees to Gilbert S. Parnell, Esq., who was at that time the plaintiff's attorney. This agreement further authorized the said Gilbert S. Parnell, Esq., to satisfy the said judgment and dissolve the said attachment execution upon receipt of the moneys as aforesaid, to wit, $500, and record costs and attorney's fees. On July 13, 1927, the defendants duly tendered to the plaintiff and Gilbert S. Parnell, Esq., his attorney, the sum of $500, the record costs and the fees of the at-

torney, but the plaintiff declined to accept said tender, repudiated his agreement and subsequently discharged Mr. Parnell as his attorney. The defendants, on the 18th of July, 1927, presented to the court below a petition setting forth the terms of the compromise agreement above stated, the execution thereof by the plaintiff, the tender of the amount provided by said agreement, the rejection thereof by the plaintiff and his repudiation of the contract, and prayed the court for a rule on the plaintiff to show cause why this judgment should not be satisfied of record and the execution attachment dissolved, upon the terms in the written agreement of compromise, which rule the court granted. The plaintiff filed an answer to the rule admitting the execution of the agreement of compromise, the tender to himself and his attorney of "the sum of $500, record costs on both judgment and attachment, and attorney's fee of said Gilbert S. Parnell, Esq., which tender the said W. J. Lyda refused and further refused to satisfy the judgment and to dissolve the attachment." The answer averred that at the time of said tender and refusal the plaintiff suggested that for the sum of $2,000 he would be willing to relinquish his rights and security in this matter; that the offer on the part of the defendants to satisfy said judgment and dissolve said attachment was prompted by and was the result of cunning, artifice, and conspiracy employed for the purpose of preventing the said W. J. Lyda from receiving payment in part of the amount of damages which he, the said W. J. Lyda, has suffered at the hands of the petitioners, and that in various particulars the petitioners have violated the covenants, agreements and conditions in said lease to the great damage financially of the said W. J. Lyda, and that by reason of the destruction of said building by fire, the said W. J. Lyda has suffered great loss and damage financially. This answer, while averring that the offer on the part of the petitioners to pay the

amount mentioned in the agreement of compromise was prompted by and was the result of cunning, artifice and conspiracy, utterly failed to set forth anything unlawful or that the defendants or their attorney had done any unlawful act, and while charging that the defendants had violated the covenants of the lease, failed to specify anything whatever which involved a violation of any covenant of the lease. The learned judge of the court below, after a hearing, at which counsel who now represents the plaintiff argued, as he has argued here, that the agreement of compromise was void for want of consideration, made the rule absolute and entered a decree that the judgment be satisfied of record and the attachment dissolved, upon the terms and conditions set forth in the written agreement of June 29, 1927. The plaintiff appeals from this order and assigns it for error.

We have deemed it necessary to thus fully recite the facts, for the reason that the assignments of error and the argument of counsel for the appellant have taken a very wide range, and attempted to raise many questions not really involved in the determination of the rights of these parties. The only real question in this case is whether there was a dispute between the parties as to the amount for which, under the provisions of the lease, the plaintiff was entitled to confess judgment at the time this judgment was entered. If there was such a dispute, it is conceded that the settlement of that dispute was a sufficient consideration for the covenants of the plaintiff contained in the written agreement of June 29, 1927. Counsel for plaintiff entirely ignores the fact that this is a judgment entered by confession. He contends that because the defendants did not go into court and move to strike off or open the judgment, that such failure must be accepted as conclusive that there was no dispute as to the amount for which the judgment was entered. This argument is absolutely unsound. There is no

rule of law which requires that when parties disagree as to the amount presently due upon a claim they must go into court and litigate the matter, or that forbids a party to agree with his adversary while in the way with him. An examination of the record of the entry of this judgment discloses that the covenants of the agreement under which it was entered did not authorize the entry of the judgment. The allegation, in the statement filed by plaintiff of the default of defendants which authorized the entry of the judgment, was that they had failed to pay the sum of "$5,225 for rent, which was due and fell due on November 8, 1926 and was payable, by the terms of said lease, on November 8, 1926." The written lease definitely establishes that no rent became due on November 8, 1926. The statement did not aver that the defendants had made default in the payment of rent which became due at any other time. The warrant of attorney, under which the judgment purported to be confessed, "authorized any attorney of any court of record, as often as or when default should be made under the terms of said lease, to appear for them [the defendants] and confess judgment or judgments against them for the amount of rent then due and unpaid." The truth is, as was by all parties admitted, that the amount for which this judgment was confessed was for the rent which might have accrued during the then entire unexpired balance of the term, rent for over three years in the future, none of which was due under the provisions of the lease. It is not necessary to consider in this case whether the judgment ought to have been stricken off upon application, upon the ground that it was not authorized by the warrant of attorney under which it was attempted to be entered, certain it is that no court would refuse to have opened the judgment and let the deendants into a defense, and upon the trial of the issue thus arising the jury must have been instructed that their verdict must not

exceed the amount of rent which was due and unpaid at the time the judgment was entered. It clearly appears from the record, including the answer of the plaintiff to defendants' rule, that the action of the plaintiff in confessing the judgment was due to the fact that the building had been destroyed by fire and that the confession of the judgment was for the purpose of compelling payment of rent which was not due and this he sought to accomplish by issuing the execution attachment and summoning the insurance company as garnishee, thus preventing the defendants from receiving from the insurance company the money to which they were presently entitled. The record being in this condition it was entirely competent for the parties to enter into an agreement as to the amount for which the judgment should be confessed. Counsel for the appellant has admitted in his supplemental brief that the defendants contended that there was only $375 of rent due or defaulted at the time the judgment was confessed, and that the plaintiff contends that there was at that time due the sum of $500. With this admission and with the record disclosing upon its face that the judgment entered was not authorized by the warrant of attorney upon which it was based, it is too clear for discussion that there actually was a dispute between the parties as to the amount for which the judgment could have validly been confessed. This dispute was a sufficient consideration for the agreement of June 29, 1927: Scranton Gas & W. Co. v. Weston, 57 Pa. Superior Ct. 355; Zentmyer v. Zentmyer, 69 Pa. Superior Ct. 496; Laughead v. Frick Coke Co., 209 Pa. 368. The appellant will receive, under the covenants of this agreement of compromise, all that, upon his own showing, he was entitled to demand at the time the judgment was confessed. The assignments of error are overruled.

The judgment is affirmed.