Thalheim et al. *v.* Gehris Hat Manufacturing
Company, Appellant.

Argued October 18, 1928.

Before HENDERSON,
TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM,
JJ.

*Fletcher W. Stites,* for appellant.—Where a vendor supplies goods admittedly defective and a compromise is attempted as to the amount to be paid, and the statement of claim contains no direct averment of a compromise, an affidavit of defense which denies that such a compromise is to be inferred from the equivocal statements contained in the correspondence of the parties is sufficient: Brown v. Gourley, 214 Pa. 154; Gregory v. Russo, 87 Pa. Superior Ct. 537; Johnson v. Huhn et al., 284 Pa. 144.

*Edwin Fischer,* of *Rose & Fischer,* for appellee.— Where there is a dispute between the seller and buyer of merchandise and the buyer agrees to retake and accept the merchandise and pay the price charged for the same, the buyer is bound by the agreement: Scranton Gas & Water Company v. Weston, 57 Pa. Superior Ct. 355; Lyda v. Edwards, 94 Pa. Superior Ct. 272; Hinsdale v. Call, 78 Pa. Superior Ct. 121.

OPINION BY CUNNINGHAM, J., March 1, 1929:

Plaintiffs, claiming to have sold and delivered to the defendant corporation, between August 5 and September 6, 1927, two hundred and ninety-two dozen hat bodies at prices aggregating $2,520.60 and admitting that defendant made two payments on account, aggregating $1,090.20, brought suit for a balance of $1,430.40, and defendant filed an original and supplemental affidavit of defense. Plaintiffs' rule for judgment for want of a sufficient affidavit was made absolute by the

court below and defendant has appealed. The defense attempted to be set up is that one hundred sixty-three and three-fourths dozen hat bodies, billed at $8.30 per dozen, were so spotted that defendant was entitled to return them and that this was also true with respect to nine and one-half dozen, billed at $18 per dozen, making a total for the alleged defective goods of approximately $1,530, an amount in excess of the balance claimed.

An inspection of the pleadings discloses these facts: The last invoice was dated September 6, 1927, and on September 14th defendant wrote plaintiffs that it was returning the number of dozens above mentioned by express on account of the "condition of the bodies which you shipped us," and further stating that defendant had "tried these bodies out and it is impossible to sell them, and we have had returns on the hats made up from these bodies." Plaintiffs replied by wire the same day: "Cannot take bodies back. You can easily pounce the spots off." On September 18th these goods were returned by the express company to defendant and received by it. On October 14, 1927, defendant wrote plaintiffs stating that it would do its best "to clear up your account by the end of this month. We have every desire to pay you, and we will as soon as we possibly can," and on October 22nd made the first payment on account of $840.20. The next payment on account, $250, was made November 21, 1927. Replying to a demand for payment from plaintiffs defendant wrote under date of December 22, 1927: "In reply to your statement received this morning we may say that we will make a determined effort to pay your account by the end of the month. We have never experienced as great a difficulty in making collections from our customers as during the present month and this has, in turn, kept us from discharging our obligations and we hope to clear your account up as stated above." There is no reference in any of

these letters to the fact that defendant had tendered a return, as far back as September 14th, of more than $1,500 worth of goods to plaintiffs. In addition defendant sets up in its affidavits a counter-claim in which it is stated that after the refusal of plaintiffs to accept a return of part of the goods defendant endeavored to put the hat bodies in marketable condition and dispose of them and had succeeded in selling one hundred and thirty-one dozen at a loss of $5 per dozen and therefore contended that it had a counter-claim for $655. Defendant also averred that it had in its possession, at the disposition of plaintiffs, the remaining thirty-two dozen hat bodies, charged at $8.30, and nine and one-half dozen, charged at $18 per dozen. The writing and authorship of the letter of December 22, 1927, is admitted in the affidavits, but it is denied "that any inferences other than that it was hoped that the accounts between the plaintiffs and defendant could be amicably settled and a definite amount agreed upon as owing to either the plaintiffs or defendant" should be drawn from it.

In our opinion this averment is not sufficient to overcome the plain effect of the letter. We think the only inference which can reasonably be drawn from the pleadings is that the defendant, upon the refusal of plaintiffs to accept the return of a part of the goods, abandoned its claim to a right to return the hat bodies alleged by it to be defective. Its payments on account and its repeated promises of payment after plaintiffs had refused to accept the return and, particularly, its promise on December 22, 1927, to make a determined effort to pay the balance of the account by the end of that month, are inconsistent with any conclusion other than that the parties had compromised their differences. The compromise of a disputed claim is a consideration sufficient to support an agreement of settlement: Scranton Gas and Water Co. v. Weston, 57 Pa. Superior Ct. 355, 360, and cases there

cited. It seems to us that the acts of the defendant in accepting the goods from the express company, disposing of a part of them, making payments on account and promising to pay the balance, when taken together, show an informal agreement of compromise. The defendant is not now entitled to rescind such an agreement and have a jury trial upon the merits of a claim which it has acknowledged and agreed to pay.

The judgment is affirmed.