## Lear v. Leech

*Paul S. Lehman,* for plaintiff; *Harry L. Siegel,* for defendant.

UTTLEY, P. J., May 1, 1934.—As the defendant's motion for judgment n. o. v. was withdrawn, we have before us only his motion for a new trial.

The first, second, third, and fourth original reasons, that the verdict was against the evidence, the law, and the charge of the court, are all general in character. This case involved questions of fact, which were properly submitted to the jury, and we are of the opinion that a new trial should not be granted for any of the reasons above named.

The fifth original reason and the first additional reason both involve the admission of the testimony of the plaintiff's witness, C. W. Hughes, that the speed of the plaintiff's car was moderate. The authorities submitted by counsel for the defendant in support of these reasons do hold that such expressions as moderate, fast, and very fast are not evidence as to the speed of an automobile. In all these cases, however, the error complained of was the refusal of the court to admit testimony of the character above indicated. The reason for the rule, as stated by the Supreme Court, is that such testimony is of no value because what would be fast to one person would be moderate to another and what would be moderate to one person would be fast to another. Where there is competent testimony as to the speed of the car in question, the admission of such expressions as that of the witness C. W. Hughes would not warrant a new trial. In the case at bar, there was competent evidence of the rate of speed sufficient to take the case to the jury, and the admission of the expression of this witness would at most be harmless error.

The third additional reason is that the court erred in overruling the defendant's motion to withdraw a juror and continue the case, when the counsel for the plaintiff asked the defendant, on cross-examination, if it was not true that, when he asked Miss Lear, the plaintiff, whether she had insurance, she had said she did not know whether her father had or not and that then she asked him whether he had insurance and he said he had.

To understand the ruling of the court on this motion, it must be remembered that the conversation referred to, in the question complained of, took place at the scene of the accident immediately after the collision, was part of the res gestæ, and that the part of the conversation relating to insurance had already been injected into the case by counsel for defendant without objection. The counsel for the defendant first asked the plaintiff on cross-examination whether, when she talked to the defendant, at the scene of the accident, she did not say that her father, who owned the car she was driving, had insurance and that would take care of him. In answer to this question, the plaintiff admitted that Mr. Leech, the defendant, had asked her whether her father had insurance, but denied that she said her father had insurance and that would take care of him, and stated that what she said was that she did not know whether her father had insurance or not. Then the counsel for the defendant asked the defendant, in his examination in chief, what the discussion was with the plaintiff at the scene of the accident, and he answered that the plaintiff had stated that her father had insurance and that would take care of it.

These questions of the counsel for the defendant, first to the plaintiff on cross-examination and second to the defendant in his examination in chief, and the answers thereto, were for the purpose of giving the conversation between the plaintiff and defendant, at the scene of the accident, immediately after the collision, from which it could be inferred that the defendant denied and the plaintiff admitted liability for the accident.

The very form of the question complained of shows that the counsel for the plaintiff was simply seeking to draw from the defendant the whole of the conversation between himself and the plaintiff, a part of which had already been brought out by the counsel for the defendant in his cross-examination of the plaintiff and his examination in chief of the defendant.

As this conversation took place at the scene of the accident, immediately after the collision, and was part of the res gestæ, and the part of the conversation referring to insurance had not been previously referred to by the plaintiff and was first brought out by the defendant in the manner above set forth, the plaintiff was entitled to the whole of the conversation from the defendant on cross-examination, unless the subject thereof was not material to the issue.

It is true that the rule is well settled that bringing to the attention of the jury, in an action of trespass for damages, the fact that the defendant is insured against liability is cause for reversal, whether it is done by admission of testimony, statement of counsel, offers of proof, or by questioning witnesses or jurors: Lenahan v. Pittston Coal Mining Co., 221 Pa. 626. But here the part of this conversation relating to insurance had been first injected by the party complaining and for the purpose of making the declarations of the plaintiff, admitted without objection, the basis for the inference that she had admitted her liability. Her negligence, as well as that of the defendant, was at issue, and the question complained of sought to obtain the remainder of the conversation referred to by the defendant in his examination in chief, for the purpose of rebutting the inference sought to be drawn therefrom by the defendant. The reference to insurance in the question objected to was therefore incidental. Neither the name of the insurance company nor the character of the insurance was mentioned. The question would not indicate that the reference was to an insurance company that had insured the defendant against liability and was therefore interested in the trial: Ellsworth v. Lauth, 311 Pa. 286.

In the case of Scranton Gas & Water Co. v. Weston, 63 Pa. Superior Ct. 570, cited by the counsel for the defendant, the conversation took place long after the accident, at an alleged oral settlement of the case, and the conversation proven disclosed that the insurance of the defendant against liability was discussed at length and that the defendant was fully insured against liability.

The basis for any new trial because of the question referred to would have to be that the defendant was prejudiced thereby. This question, which sought to develop the whole of the conversation between the plaintiff and defendant at the scene of the accident, a part of which had already been injected by the defendant, was never answered, and there was no evidence before the jury that the defendant was insured against liability. Only the unanswered question of the counsel for the plaintiff to the defendant on cross-examination was involved, and this question was concerning a matter material to the issue. We are unable to see how the defendant under the particular circumstances of this case was prejudiced by this question. Furthermore, the verdict indicated no prejudice on the part of the jury. The only evidence on the question of damages was the testimony of the plaintiff's witness, Nelson Grove, which showed the bill for repairs to the plaintiff's car to be $190.38, and the difference between the fair market value of the plaintiff's car before the accident and after it had been repaired to be $350, aggregating $540.38. The verdict was therefore not excessive under the evidence.

We are of the opinion that the defendant was not prejudiced by the question referred to and that a new trial would serve no good purpose and would only be a burden and expense to the county and the parties concerned.

### Decree

Now, May 1, 1934, after due consideration, the defendant's motion and reasons for a new trial in the above-stated case are overruled and a new trial is hereby refused.

From Robert Stuckenrath, Lewistown, Pa.