## Wolf et al. v. Gross

*Windolph & Mueller*, for plaintiffs.

*Harvey B. Lutz*, for defendant.

SCHAEFFER, P. J., May 24, 1940.—In this rule to strike off plaintiffs' statement of claim the scope and effect of Rule 2002 of the Pennsylvania Rules of Civil Procedure governing actions by real parties in interest, effective on September 4, 1939, is involved.

In paragraph 9 of plaintiffs' statement of claim it is averred that the tractor and trailer alleged to have collided with the automobile operated by Sam K. Wolf, one of the plaintiffs, were the property of the Pennsylvania State Highway Department and that defendant, Edward W. Gross, and said department are protected by a policy of property damage insurance issued by Commercial Casualty Company. In paragraph 15 of the statement of claim there is a further reference to the insurance carrier of defendant. Defendant has moved to strike off the statement of claim alleging that these allegations were set forth "for the purpose of bringing to the attention of the jury the fact that defendant is insured and that his liability, if established, would have to be borne not by him, but by his insurance company"; and that these allegations are "prejudicial to defendant and apparently

for the purpose of procuring an increased verdict, which is against public policy and all legal authority."

It is conceded by plaintiffs that prior to the adoption of the new Pennsylvania Rules of Civil Procedure 2001 to 2025, inclusive, governing actions by real parties in interest, the plaintiffs' statement of claim would not be self-sustaining.

It has been the established rule in Pennsylvania not to permit plaintiff in an action of trespass arising from an accident to allege or prove, either directly or indirectly, that defendant carried insurance, because the effect would be to shift the controversy to one between plaintiff and the insurance company and thereby "to excite prejudice against defendant": Scranton Gas & Water Co. v. Weston, 63 Pa. Superior Ct. 570.

In Baymond v. Sternberger, 116 Pa. Superior Ct. 451, 454 (1935), on appeal from a decision of this court, the Superior Court, quoting from Lenahan v. Pittston Coal Mining Co., 221 Pa. 626, said:

" 'The fact that the defendant in an action for personal injuries is insured in an employers' liability company has not the slightest bearing on the issue. It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by testimony offered by him, by statements of his counsel, by offers of proofs or by questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal: Walsh v. Wilkes-Barre, 215 Pa. 226; Hollis v. Glass Co., 220 Pa. 49. The rulings of these cases will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated. But in applying them regard must be had to the undoubted right of the plaintiff to cross-examine a witness for the defendant to show his interest or bias. It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial or that he has a relation to the party from which bias would naturally arise.

Such an examination goes to the credibility of the witness: Ott v. Houghton, 30 Pa. 451; Batdorff v. Bank, 61 Pa. 179. The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party. This chance the party takes when he calls the witness.' " Accord: Kaplan et al. v. Loev, 327 Pa. 465 (1937). In Ellsworth v. Lauth, 311 Pa. 286, 290 (1933), Mr. Justice Simpson said: "While the rule which forbids the introduction of evidence by plaintiff that defendant is insured against liability, will be strictly adhered to, it would be an anachronism to apply it in favor of a defendant who himself educed the evidence to which he objects, without plaintiff being in any way responsible, directly or indirectly, for its production. See Amey v. Erb, 296 Pa. 561, 567."

In Pennsylvania Co., etc., to use, v. Lebanon B. & L. Assn., 337 Pa. 316 (1940), Mr. Justice Linn in footnote at page 318 said: "For actions brought hereafter, Rule 2002 applies". In some cases this new rule of procedure has created an anomalous situation. It provides for an insurance company to be joined as a party plaintiff, but not as a party defendant in an accident case. The latter cannot be done in an action of trespass for damages because plaintiff in the first instance has no right of action against the insurance carrier of defendant. If the insurance company for plaintiff is brought to the attention of the jury and the insurance carrier for defendant, if any, is not permitted to be mentioned either in a pleading or in the evidence produced at the trial of the case, a manifest inequality will result frequently to the prejudice of plaintiff insurance carrier. The insurance company for defendant is a real party in interest although not named in the caption of the suit.

In Kaplan et al. v. Loev, supra, Mr. Justice Drew in a dissenting opinion at page 483 said:

"In most litigated accident cases the defendant is insured and the insurer the real defendant—the one who

pays the verdict. Such is true here. In the future 'in such cases' the decision 'here' will be a bar to the jury's knowing that witnesses who made claims and accepted money in settlement of them are actually denying under oath that there was any liability for the accident on the part of the defendant for the very happening for which they claimed damages and received compensation. Such information should not be kept from the jury. It most definitely indicates interest, bias, or inconsistency, and should be given to the jury to determine the credibility of the witness."

Prior to September 4, 1939, plaintiff in a negligence case was not required to disclose that he carried insurance or was paid any insurance. Under Rule 2002, subject to certain exceptions, it is now mandatory. It provides, inter alia, that "all actions shall be prosecuted by and in the name of the real party in interest". Under this new rule the reason for excluding testimony as to an insurance carrier for defendant is no longer applicable, where plaintiff is also protected by insurance. The former law in such a case may create rather than prevent prejudice.

Relative to accident cases where plaintiff is not insured and defendant is insured, plaintiff may not aver or prove that defendant is protected by insurance. Otherwise, defendant is apt to be prejudiced. On the other hand, in a case where plaintiff carries insurance and defendant has no insurance, under Rule 2002 plaintiff must set forth in the caption of the suit the name of the insurance carrier. This may create prejudice, but it cannot be avoided. Such a situation is comparable to a suit against the Commonwealth or other municipalities, or to a case involving a railroad company or similar corporations.

The recognition of possible bias or partiality of a jury is not a criticism of the jury system. It indicates a vigilant concern to have the jury function fairly and impartially.

The court concludes in the instant case that it is proper for the subrogated insurance company, as one of the plaintiffs, to allege that another insurance company, although not disclosed in the caption of the suit as one of the defendants, is a real party in interest.

And now, May 24, 1940, the rule to strike off plaintiffs' statement of claim is discharged.