# Wagner *v.* Hazle Township, Appellant.

*Negligence—Townships—Defective bridge—Act of June* 12, 1893, *P. L.* 451.

The Act of June 12, 1893, P. L. 451, which gave taxpayers the right to contract with a township to furnish materials and labor necessary for opening and repairing roads and bridges of the township, did not in any way relieve the supervisors from their duty to see that the roads and bridges are kept in proper repair, nor did it relieve the township from liability for injuries sustained by reason of defects in the roads and bridges.

*Negligence—Trial—Improper remarks of counsel.*

Where, in an action against a township to recover damages for personal injuries sustained by reason of a defect in a bridge, counsel for plaintiff orally offers in the presence of the jury to show that in a suit against a street railway company for the same injuries a verdict had been recovered by plaintiff for $6,000, but had been reversed by the Supreme Court on the ground that the township alone was liable, it is reversible error for the trial court to refuse to withdraw a juror because of the impropriety of counsel in stating the amount of the former verdict.

Where an attorney in the trial of a cause wilfully and intentionally makes an offer of wholly irrelevant and incompetent evidence, or makes improper statements as to the facts in his address to the jury, clearly unsupported by any evidence, which are prejudicial and harmful to the opposite party, it is the plain duty of the trial judge, of his own motion, to act promptly and effectively by reprimanding counsel and withdrawing a juror and continuing the cause at the costs of the client. In no other way can justice be administered and the rights of the injured party be protected. The imposition of the costs will remind the client that he has an attorney unfaithful to him as well as to the court. The obligation of fidelity to the court which an attorney assumes on his admission to the bar is ever thereafter with him, and when he attempts to defeat the justice of the cause by interjecting into the trial wholly foreign and irrelevant matter for the manifest purpose of misleading the jury, he fails to observe the duty required of

him as an attorney and his conduct should receive the condemnation of the court. This condemnation can and should be made effective. Per MES-TREZAT, J.

Argued April 11, 1906. Appeal, No. 109, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 212, on verdict for plaintiff in case of Elmer E. Wagner et ux. v. Hazle Township. Before MITCHELL, C. J., MESTRE-ZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

At the trial it appeared that on the night of August 15, 1901, Elmer E. Wagner and his wife were driving over a township bridge when the wheel of the wagon fell into an opening in the bridge, and before the wagon could be pulled out a street car ran into it, and Mrs. Wagner was hurt. It was claimed that after the wagon was caught in the opening Mr. Wagner ran back to stop the car, but failed to do so, and that the wagon was struck as Mrs. Wagner attempted to alight from it.

The defendant presented the following points, all of which were refused :

1. The evidence of the plaintiff shows that the plaintiff, Nellie Wagner, was guilty of contributory negligence in that she failed to take proper steps to secure her safety when the danger became apparent to her, but, depending upon her husband to succeed in preventing any possible accident by stopping the car, remained inactive until the danger was so imminent as to prevent her avoiding the injury.

2. That there was no physical disability or other thing in the plaintiff, as shown by the testimony, to prevent her alighting from the wagon in time to avoid the injury sustained.

3. That the real proximate cause of injury was not the crack or crevice alleged to exist in the bridge of the defendant township, but was caused by the car operated by the traction company and therefore the plaintiff cannot recover.

4. That from the testimony in the case, it is established that from the defect in the highway of itself no injury occurred and that the proximate cause of the injury was the running away of the horses occasioned by the car striking the wheel of the wagon and therefore the plaintiff cannot recover.

5. That there is a variance between the allegation in the declaration and the proofs in the case as to the location of the bridge where the accident occurred.

6. That it having been shown to the court that under the Act of June 12, 1893, P. L. 451, a contract was made under the order of the court and duly appearing of record whereby the care of the public roads, highways and bridges of the township of Hazle was taken away from the supervisors, the plaintiff cannot recover in this action.

7. That under said act of June 12, 1893,—there is no liability on the part of the township of Hazle for damages occurring as shown by the facts of this case, but the action should be against the contractor under said act.

8. That under all the evidence in the case the plaintiffs are not entitled to recover and the verdict should be for the defendants.

Verdict and judgment for plaintiff, Elmer E. Wagner, $500 and for Mrs. Wagner $3,500.   Defendant appealed.

*Errors assigned* were (1–8) refusal of points as above, and (9) the court erred in refusing to withdraw a juror and continue the case when requested so to do by defendant because of the improper offer of plaintiffs' counsel made in a loud voice, which offer, objection, and court's answer were as follows :

"In view of what Mr. Garman has offered in evidence in the other case, we now offer in evidence the record in that case, for the purpose of showing that the jury gave the plaintiff a verdict of $6,000, and that the case was appealed to the Supreme Court and that the Supreme Court reversed the judgment of the court below practically saying that it was not responsible, but that the township was bound to keep its own road in repair."

Defendant's counsel : We object and move that a juror be withdrawn, because of the statement made by the attorney for the plaintiff, in full voice before the jury, as to the amount of the other verdict.

The court's answer was as follows : " The request to have a juror withdrawn is denied.   Counsel for plaintiff stated nothing improper.   Exception noted for defendant ; bill sealed."

*John R. Sharpless* and *John M. Garman*, with them *John J. Kelly*, for appellant.

*James P. Costello*, with him *James L. Lenahan*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 7, 1906 :

The proximate cause of Mrs. Wagner's injuries was the hole or opening in the bridge, and if the jury found, as they did, that the hole was caused by the negligence of the defendant township, its liability necessarily followed.

The defective bridge which caused the accident was a part of a township road, and the duty to keep it in proper repair and safe condition for public travel rested primarily upon the township. The Act of June 12, 1893, P. L. 451, 2 Purd. 1881, did not relieve the township from this liability. Such was not the purpose of that statute. That act gives the taxpayers of the township the right to petition the court of quarter sessions to authorize a contract with the township by which the petitioners may acquire the right to furnish the materials and labor necessary for opening and repairing the public highways and bridges of the township under conditions prescribed by the act. Such a contract does not, however, relieve the supervisors from their duty to see that the roads and bridges are kept in proper repair, but, on the contrary, by the second section of the act it is expressly provided " that the supervisors are hereby required to view and inspect the making and repairing of the public roads in said townships at least once during every month, and be fully satisfied that the petitioners have fully complied with their contract." That section of the act further provides that " if at any time the supervisors shall see that any portion of said road needs repair, they shall notify said petitioners to repair the same, and in case said petitioners shall fail to repair said road within five days after notice as aforesaid, the supervisor is empowered to purchase such materials and employ such men as may be necessary to repair said road and charge the same to said petitioners." The third section of the act requires the contractor to give bond with sufficient sureties conditioned for the faithful performance of his contract under the provisions of the act, " and to save said township harmless from any loss or claim by reason of failure

so to perform said duty." The fifth section empowers the court to authorize the supervisors in behalf of the township to enter into a contract with a petitioner, desiring to make or repair the road, by which contract the petitioner is required to bind himself, among other things, " to indemnify and save harmless the said township . . . . from all claim, damage, cost or expense of whatever kind for or by reason of any act or omission of said petitioner . . . ., whereby any claim, suit or other demand may be set up or recovered against said township."

It is apparent, therefore, that in the passage of the act of 1893, the legislature did not intend to relieve the township from its primary duty to keep the highways in proper repair. The act imposes upon the supervisors a strict duty in regard to overseeing the work required to be done by the contractor, and on his failure to satisfactorily perform it, to furnish the materials and labor for the purpose. The township is indemnified by the bond, as we have seen, against any expense or damages to which it may be subjected by reason of the default of the contractor in failing to keep the highways in proper repair. The purpose of the act, as its provisions show, was simply to afford an opportunity to taxpayers, who might desire to do so, to make or keep the roads in repair for the compensation agreed upon by them and the township, and not to relieve it from its duty to see that the highways are kept in proper repair.

The question of Mrs. Wagner's contributory negligence was for the jury. The facts were not undisputed. The plaintiffs claim that after the wheel of the wagon had gone into the opening in the bridge she attempted to alight from the wagon, and was in the act of doing so at the time it was struck by the car of the Lehigh Traction Company, and that her conduct in no way contributed to her injuries. What she did on that occasion, and whether she acted with the prudence required of her, were for the jury.

Prior to the present action the plaintiffs brought suit against the Lehigh Traction Company to recover damages for the same injuries, and obtained a verdict of $6,000. The case, on appeal, was heard by this court last year, and the judgment was reversed and a new trial was awarded. On the trial of the

present action the counsel for the plaintiff, in the presence of the jury and where they could distinctly hear it, made the following offer : " We now offer in evidence the record in that case, for the purpose of showing that the jury gave the plaintiff a verdict of six thousand dollars, and that the case was appealed to the Supreme Court and that the Supreme Court reversed the judgment of the court below, practically saying that it was not responsible, but that the township was bound to keep its own road in repair." Thereupon the defendant's counsel said : " We object and move that a juror be withdrawn, because of the statement made by the attorney for the plaintiff, in full voice before the jury, as to the amount of the other verdict." The court declined to withdraw a juror and the defendant excepted to the ruling. We think the court committed error for which the judgment must be reversed.

The offer was clearly incompetent, and the only purpose it could serve, or effect it could have, would be to place before the jury the amount of the large verdict in the Lehigh Traction Company case. The counsel should not have made the offer, and after he had made it, it was the duty of the court to protect the defendant against its effect. The purpose of the offer was obvious, and its effect would be equally apparent. Such conduct on the part of counsel is different from an unintentional or inadvertent remark to a jury which does the opposite party no injury. When such remarks are made they may or may not have an influence upon the jury, but there can be no question about the effect upon that tribunal of an offer to show what a former jury, dealing with the same facts, had determined as to the amount of damages due the plaintiffs for the injuries which they sustained. It was a criterion for the jury in considering the case which they evidently would accept, and which no language of the trial judge could drive from their minds. The offer got before the jury what was clearly incompetent and what manifestly would, to some extent at least, control their verdict. The only way to remedy the wrong was to withdraw a juror and compel the plaintiffs to submit the cause to another jury, uninfluenced by such wholly irrelevant and incompetent matter.

In commenting upon the improper remarks of counsel in Holden v. Penna. R. R. Co., 169 Pa. 1, appealed to this court

from the same trial court from which the present appeal comes, it was said (p. 18) : " The comments of counsel complained of were of the most offensive and reprehensible character, not sustained by any evidence in the cause and justly deserving the severe censure of the court.  We can discover nothing to palliate them in the least degree, and inasmuch as there was no other efficacious remedy available to correct the mischief done, it was the plain duty of the court to withdraw a juror and continue the cause.  Many judges are in the habit of doing this upon proper occasion, and that practice deserves to be widely extended, so that counsel who indulge in the habit of making such comments, may be properly admonished that they cannot do so except at severe cost to their clients and themselves."  In Commonwealth v. Weber, 167 Pa. 153, it was said that a trial judge may and often does, of his own motion, stop counsel in improper statements, and administer rebuke. And in the very recent case of Dougherty v. Pittsburg Railways Co., 213 Pa. 346, we said (p. 348): " Counsel should be held to a strict accountability for language used in addressing the jury, and where willful or reckless misstatements of the evidence are made a juror should be withdrawn or a new trial granted."

When an attorney in the trial of a cause willfully and intentionally makes an offer of wholly irrelevant and incompetent evidence, or makes improper statements as to the facts in his address to the jury, clearly unsupported by any evidence, which are prejudicial and harmful to the opposite party, it is the plain duty of the trial judge, of his own motion, to act promptly and effectively by reprimanding counsel and withdrawing a juror and continuing the cause at the costs of the client.  In no other way can justice be administered and the rights of the injured party be protected.  The imposition of the costs will remind the client that he has an attorney unfaithful to him as well as to the court.  The obligation of fidelity to the court which an attorney assumes on his admission to the bar is ever thereafter with him, and when he attempts to defeat the justice of a cause by interjecting into the trial wholly foreign and irrelevant matter for the manifest purpose of misleading the jury, he fails to observe the duty required of him as an attorney and his conduct should receive the condemna-

tion of the court. This condemnation can and should be made effective.

The ninth assignment of error is sustained and the judgment of the court below is reversed with a venire facias de novo.