# Walsh *v*. Wilkes-Barre, Appellant.

*Negligence—Municipality—Fall on sidewalk—Improper remark of counsel.*

It is reversible error for the court to refuse to withdraw a juror in an action against a city to recover damages for personal injuries sustained on a defective sidewalk, where the counsel for plaintiff says to the jury "the lot owner is finally liable, and the Lehigh and Wilkes-Barre Coal Company owns the lot."

Argued April 10, 1906. Appeal, No. 123, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., June T., 1902, No. 212, on verdict for plaintiff in case of John Walsh v. City of Wilkes-Barre. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries alleged to have been sustained on a defective sidewalk in the city of Wilkes-Barre. Before LYNCH, P. J.

At the trial and after the testimony was completed defendant's counsel said: " Before the court charges the jury, I wish to file the following affidavit : "

" James L. Lenahan, being duly sworn according to law, says that John T. Lenahan, counsel for the plaintiff, made use of the following language in his argument to the jury :

" ' The lot owner is finally liable, and the Lehigh and Wilkes-Barre Coal Company owns the lot.'

I ask now that a juror be withdrawn and the case be continued. There is nothing in the record to show that any notice was brought home to the Lehigh and Wilkes-Barre Coal Company that would make them liable, and nothing in the evidence that warranted that statement to the jury.

The Court : The affidavit may be filed. The request to have a juror withdrawn is denied.

Defendant's counsel: Will your honor give us the benefit of an exception, and a bill?

The Court: Do you admit you made that statement, Mr. Lenahan?

Plaintiff's counsel: Yes, sir.  Exception and bill sealed. [1]

Verdict and judgment for plaintiff for $2,500.  Defendant appealed.

*Errors assigned* were (1) refusing to withdraw a juror; (2, 3) certain instructions.

*James L. Lenahan*, with him *C. F. McHugh*, for appellant.— In getting the objectionable remarks of counsel on record, we followed the rule laid down in Commonwealth v. Weber, 167 Pa. 153; Holden v. Pennsylvania Railroad Company, 169 Pa. 1, and Guckavan v. Lehigh Traction Company, 203 Pa. 521.

*John T. Lenahan*, with him *James C. Murray* and *William P. Walsh*, for appellee, cited as to remarks of counsel: Newman v. Com., 8 Sadler, 127; Com. v. Weber, 36 W. N. C. 193.

OPINION BY MR. JUSTICE MESTREZAT, May 7, 1906:

For the reasons given in the opinion handed down herewith in Wagner v. Hazle Township, ante, p. 219, we are compelled to reverse this judgment for the improper remark of appellee's counsel to the jury which was manifestly prejudicial to the defendant.  It was wholly immaterial and irrelevant in the trial of this cause who might be ultimately liable for the damages recovered in the case, and the statement of the appellee's counsel to the jury that the Lehigh & Wilkes-Barre Coal Company would be liable finally for the damages was prejudicial to the defendant.  The effect of the remark would be to increase the amount of the verdict by invoking the antagonism to corporations which is sometimes found in juries and which is often made apparent by their verdicts.  Although the objectionable remark was called to the attention of the trial judge before he charged the jury, he did not attempt to withdraw it from the jury or to admonish that body to disregard it.  It apparently went to the jury with the court's approval.

The second and third assignments of error are without merit and are overruled.

The first assignment is sustained and the judgment is reversed with a venire facias de novo.