# Fisher *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Practice, C. P.—Trial—Statements of counsel—Comments on testimony —Withdrawal of juror—Eminent domain—Railroads.*

1. Where on appeal from the award of a jury of view a real estate expert witness for defendant is asked on cross-examination as to an alleged statement to third parties to the effect that $4,500 was proper compensation but does not admit the remark and at no time states that such a sum was the amount awarded by the viewers, a declaration of counsel for the plaintiff in his closing address that the credibility of such witness is impeached by his admission that "he might have said that the sum of $4,500 awarded by the viewers was not excessive" demands the withdrawal of a juror and the continuance of the case, and the harm done is not remedied by the judge warning the jury to disregard the counsel's reference to the award of the viewers.

*Practice, C. P.—Trial—Charge—Refusal of points—Rules of court.*

2. Where the thought intended in a point submitted is applicable to the case and not sufficiently covered in the charge, the point ought to be given a specific answer, but where the point states material facts which are not sustained by any evidence upon the record and there is a rule of the lower court that all requests must be so framed that they can be answered by a simple affirmation or negation, a refusal to affirm the point as drawn will be sustained.

Argued March 8, 1910. Appeals, Nos. 279 and 280, Jan. T., 1909, by defendant, from judgments of C. P. Monroe Co., Dec. T., 1907, Nos. 15 and 16, on verdicts for plaintiff in cases of James S. Fisher v. Delaware, Lackawanna & Western Railroad Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from the award of a jury of view. Before STAPLES, P. J.

The opinion of the Supreme Court states the case.

Verdicts for plaintiff amounting to $4,226.25 and judgment thereon.

*Errors assigned* were in refusing to withdraw a juror and refusal of defendant's point.

*A. Mitchell Palmer*, with him *C. R. Bensinger*, for appellant.—It was improper for counsel to make the statement complained of in the assignments of error: Hyslop v. Crozier, 1 Miles, 267; Shaeffer v. Kreitzer, 6 Binney, 430; Wagner v. Hazle Twp., 215 Pa. 219; Hollis v. Glass Co., 220 Pa. 49; Quinn v. Rapid Transit Co., 224 Pa. 162; Reese v. Hershey, 163 Pa. 253; Hollinger v. Ry. Co., 225 Pa. 424; Ruddy v. Ruddy, 5 Pa. C. C. Rep. 544; Hasson v. R. R. Co., 21 W. N. C. 96; Hamory v. R. R. Co., 222 Pa. 631.

*F. B. Holmes*, with him *R. L. Burnett*, for appellee.—Fair and honest comment on the inconsistencies of any witness who is brought forward by a party as worthy of belief is not forbidden: Dougherty v. Pittsburg Rys. Co., 213 Pa. 346; Fisher v. Penna. Co., 34 Pa. Superior Ct. 500; Cook v. Erie Elec. Motor Co., 225 Pa. 91.

The common pleas has a right to make rules regulating a request for instructions on points: Haines v. Stauffer, 13 Pa. 541.

Opinion by Mr. Justice Moschzisker, March 28, 1910:

A jury of view awarded the plaintiff $4,570, damages for land condemned by the defendant to widen and straighten its railroad. An appeal was taken to the common pleas. On the trial of this appeal a real estate expert witness for the defendant placed the damages at $1,500. On cross-examination he was asked by counsel for the plaintiff as to a supposed conversation with certain third persons in which he was alleged to have stated that $4,500 was proper compensation for the land taken. The witness did not admit the imputation as to the larger figures, and at no time stated that he understood such a sum to be the amount awarded by the viewers. In his closing address to the jury counsel for plaintiff, while commenting upon this witness, declared that his credibility had been impeached by reason of the fact he had admitted that in discussing the award of the viewers with certain third persons "he might have said that the sum of $4,500 awarded by the viewers was not excessive." Coun-

sel for the defendant immediately took exception to these remarks on the ground that they constituted a statement to the jury of the amount of the award of the viewers; and a motion was made to withdraw a juror and continue the case, which was refused and an exception granted. The first three assignments of error go to this ruling, and to the remarks of the trial judge in warning the jury not to be influenced by counsel's reference to the award of the viewers.

When a case is heard on an appeal from an award of viewers the trial must be had in the same manner as if the cause had never been passed upon by another tribunal, and the jurors should not be subjected to the influence which the knowledge of a prior award of viewers would be almost sure to have upon their minds. When counsel offends against this rule it must be regarded as "an invitation to find a verdict upon false grounds," and on motion the trial judge ought to promptly withdraw a juror. This is within the principle laid down in our cases at an early date and consistently followed to the present time: Shaeffer v. Kreitzer, 6 Binney, 430; Wagner v. Hazle Township, 215 Pa. 219; Hollis v. Glass Co., 220 Pa. 49; Quinn v. P. R. T. Co., 224 Pa. 162; Hollinger v. Rys. Co., 225 Pa. 419. There is no way of telling whether or not the effort of the trial judge to efface the harmful effect of counsel's remarks was successful. It may well be, in view of the fact that the verdict rendered closely approximates the award of the viewers, that the effort in this behalf merely accentuated the harm done. In the appropriate language of Chief Justice TILGHMAN in Shaeffer v. Kreitzer, supra: "It may seem at first view to be a matter not worth contending for, because the jury was told that the report ought not to have the least weight as evidence. But to those who have had experience in jury trials, it will be evident that the principle involved in this point is of considerable importance. Impressions once made are not easily erased, and when the jury have been permitted to hear, that men for whose character they entertain a respect have decided in a certain way, it will be very apt to influence their own decision, in spite of all the caution they may receive from the court." We are

of opinion that error was committed in the refusal to withdraw a juror and continue the cause, which was not cured by the trial judge's explanation to the jury.

The only other assignment which requires consideration is one to the effect that the court erred in refusing to affirm defendant's point: "For the original appropriation of the strip of land forty feet wide, and all damages resulting to the Fisher property by reason of the appropriation and using thereof for railroad purposes, the owner of the land has been fully compensated and the injury to the said property, by reason of any use of said original strip cannot be considered by the jury in this action." Where a court is requested, in apt and proper time, to answer a point containing instructions which are correct in form and substance and applicable to the law and facts of the case, it ought to give a specific answer, unless the matter has been substantially covered in the general charge. The thought intended in the point submitted was applicable to the case and not sufficiently covered in the charge, but we fail to find any evidence upon the record to show that the original appropriation was of a strip of land forty feet wide, or to give us any light upon the payment of damages. In view of the rule of the court below that all requests must be so framed that they can be answered by a simple affirmation or negation, we cannot say that there was error in the refusal to affirm the point as drawn.

The first three assignments of error are sustained and the judgment is reversed with a venire facias de novo.