## Carothers *v.* Pittsburg Railways Company, Appellant.

*Practice, C. P.—Trial—Improper remark of counsel as to damages—Withdrawal of juror—Instructions—Duty of care.*

1. In an action for damages for personal injuries, where counsel states to the jury the amount claimed by plaintiff, it is reversible error for the court to refuse to withdraw a juror and continue the case upon defendant's request.

*Negligence—Railroads—Passengers—Degree of care—Carriers.*

2. It is error for the court to instruct the jury that a common carrier owes a duty to passengers to use "such a degree of care as would be necessary under all the circumstances of the case as would prevent injury to the passenger," as such an instruction makes the defendant an insurer.

3. A carrier for hire is held by law to a high degree of care to prevent injury to its passengers but it is not under a duty to protect them from every injury.

Argued Oct. 13, 1910. Appeal, No. 64, Oct. T., 1910, by defendant, from judgment of C. P. Washington Co., May T., 1909, No. 98, on verdict for plaintiff in case of Robert Carothers v. Pittsburg Railways Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The injuries complained of were alleged to have been caused by the negligent starting of defendant's car while the plaintiff was attempting to board it.

At the close of his argument, Mr. Levengood, of counsel for plaintiff, stated to the jury that suit had been brought in this case for $25,000 damages.

Mr. Irwin: We object to the statement of counsel as to the amount of damages claimed in this case, and in order to protect our rights I want to ask your honor to direct the stenographer to note upon the record that counsel for plaintiff in his closing argument stated to the jury that the suit had been brought for $25,000 damages, and thereupon counsel for the defendants moves the court to withdraw a juror and continue the case.

(Statement of counsel noted on record by stenographer, as above set forth.)

Mr. Levengood: If that statement was improper, I would ask your honor to instruct the jury that they should not consider it. I supposed that all the papers went out with the jury, as they do in our state.

The Court: No, that is not the rule here. We will refuse the motion and seal a bill for the defendant.

Exception noted for defendant and bill sealed. [1]

Plaintiff presented this point:

2. It is the duty of a carrier of passengers for hire to use a high degree of care to prevent injury to such passengers. *Answer:* Affirmed, that is such a degree of care as would be necessary under all the circumstances of the case as would prevent injury to such passengers.

Verdict and judgment for plaintiff in sum of $4,541.

*Errors assigned* were (1) in refusing to withdraw a juror, as above; (2) in the answer to plaintiff's second point.

*R. W. Irwin*, with him *Jas. A. Wiley*, for appellant.— The case is ruled by Quinn v. Philadelphia Rapid Transit Co., 224 Pa. 162; Hollinger v. York Railways Co., 225 Pa. 419.

*E. T. Levengood*, of Youngstown, Ohio, with him *Alex. M. Templeton, William S. Anderson* and *W. Noble Anderson*, for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 3, 1911:

The plaintiff obtained a verdict for injuries alleged to have been sustained by the starting of the defendant's car, while he was in the act of getting on it. Counsel for the plaintiff at the close of his argument stated to the jury that the action had been brought to recover $25,000 damages. At the request of the defendant's counsel the statement was noted on the record and the court was asked to withdraw a juror and to continue the case. The refusal of this request is the subject of the first assignment of error.

The statement by the court or by counsel in the presence of the jury of the amount claimed in the plaintiff's declaration has been frequently condemned as highly improper. It was said in Reese v. Hershey, 163 Pa. 253, that the reading of the plaintiff's statement to the jury, including the amount of damages, was exceedingly bad practice, because it tended to get figures and amounts into the jury's mind without evidence and in Quinn v. Phila. Rapid Transit Co., 224 Pa. 162, that the damages are to be determined from the evidence and not from the estimate of counsel not based on the evidence, and an assignment of error based on the statement by counsel in summing up to the jury of the amount of damages claimed in the declaration was sustained. In Hollinger v.

York Railways Co., 225 Pa. 419, the judgment was reversed because the trial judge in charging the jury stated the amount claimed by the plaintiff in his declaration. In this case it was said by MESTREZAT, J., that the naming of the amount claimed is a suggestion to the jury which in their minds takes the place of evidence and that "Placing the figures named in the statement before the jury in the court's charge gives a basis not established by the evidence, on which to calculate the verdict. Admonitions by the court that such is not the purpose in stating the amount claimed will not be sufficient to eliminate it entirely from the minds of the jurors. It will remain with them and, consciously or unconsciously, it will influence them in arriving at a verdict." Somewhat similar offenses were condoned in Dougherty v. Pittsburg Railways Co., 213 Pa. 346, where counsel inadvertently used the word "Admission" in referring to the uncontradicted testimony as to certain items of loss, the aggregate amount of which he named, and in Brenisholtz v. Penna. R. R. Co., 229 Pa. 88, where counsel stated to the jury that one of the plaintiffs claimed a certain amount. This remark which applied to one only of the plaintiffs, was immediately withdrawn and the jury were instructed to disregard it and it was evident that no harm had been done the defendant by it.

In this case it is just to counsel, who was from another state, to say that the remark complained of was made in good faith, and without knowledge of our decisions on the subject, and to the learned trial judge that he did all in his power, by proper instructions to correct the error complained of. It is better, however, that the rule should be fixed and that cases of this kind should be put in line with Holden v. Penna. R. R. Co., 169 Pa. 1; Wagner v. Hazel Twp., 215 Pa. 219; Saxton v. Railways Co., 219 Pa. 492; Hollis v. Glass Co., 220 Pa. 49, and kindred cases in which this court has taken a stand against every attempt to obtain an unfair advantage in the trial of a cause. The first assignment of error is sustained.

The second assignment of error is also good. The court was asked to charge that "It is the duty of a carrier of passengers for hire to use a high degree of care to prevent injury to such passenger." The answer was "Affirmed, that is such a degree of care as would be necessary under all the circumstances of the case as would prevent injury to such passenger." A simple affirmance of this point would not have been error but the added remark made the defendant an insurer of the absolute safety of its passengers. A carrier for hire is held by law to a high degree of care to prevent injury to its passengers but it is not under a duty to protect them from every injury.

The judgment is reversed with a venire facias de novo.