## Davis *v.* Stowe Township, Appellant.

*Negligence—Highways—Township of first class—Electrical appliance in highway—Constructive notice—Death—Act of April 28, 1889, P. L. 104.*

1. A township of the first class is bound, under the Act of April 28, 1889, P. L. 104, to keep its highways in repair at all seasons and clear of all impediments, and to protect the public against defectively installed overhead electric wires in the highway, of the condition of which the authorities have or should have notice.

2. In an action by a widow against a township of the first class to recover damages for the death of her husband, the case is for the jury where it appears that deceased met his death shortly after six o'clock in the morning on a highway of defendant township by coming in contact with a detached guy wire which had fallen across a defectively insulated electric feed wire and became charged, and there is evidence that three or four township police, whose expressly imposed duty it was to examine and report daily upon the condition of the highway, saw the wire "sparking on the street" about five o'clock on the morning of the accident and made no effort to provide against accident; and further that the bad condition of the feed wire had been noticeable for twelve years.

*Practice, C. P.—Negligence—Intemperate and improper remarks of counsel.*

3. A statement by plaintiff's counsel in addressing the jury in a damage case "that the plaintiff and her children will have to be supported by charity unless the jury give them a verdict," constitutes the use of such intemperate and improper language as to make the withdrawal of a juror obligatory on request of defendant's counsel.

Argued Oct. 23, 1916.   Appeal, No. 181, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 287, on verdict for plaintiff in case of Ellen Davis v. Township of Stowe, a Municipal Corporation.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.   Reversed.

Trespass to recover damages for the death of plaintiff's husband.   Before HAYMAKER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $7,000 upon which judgment was entered.   Defendant appealed.

*Errors assigned,* among others, were in refusing defendant's point for binding instructions and (6, 7) in refusing to withdraw a juror.

*E. K. Trent,* of *Prichard & Trent,* with him *D. J. Buckley,* for appellant.

*George C. Bradshaw,* with him *G. R. Speer* and *Thomson & Bradshaw,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

This case was properly submitted to the jury, and there was ample evidence to warrant a verdict against the defendant township.   The husband of the plaintiff was killed about 6:15 a. m. on January 7, 1915, on the pavement of Island avenue in defendant township by coming.in contact with a guy wire which had become detached from a pole of the Pittsburgh and Allegheny Telephone Company.   This wire had broken loose from the telephone pole, had fallen across a defectively insulated feed wire of the Pittsburgh Railways Company, and the end of the wire lay on the pavement of Island avenue, in front of the Municipal Building, in Stowe Township. The feed wire communicated a strong current of electricity to the guy wire.   The plaintiff claimed, and in-

troduced evidence to show, that three or four township policemen saw the wire "sparking on the street" about five o'clock on the morning of the accident, reported it to the night watchman at the Municipal Building, and then went off duty leaving the wire hanging in the street, unprotected and unguarded. The evidence of the plaintiff tended also to show that the insulation of the feed wire was defective and its defective condition had been noticeable for twelve years. The plaintiff claimed that the defendant, through its officers, was negligent in not guarding the fallen guy wire after they discovered its dangerous condition, and further that the feed wire was in an uninsulated and dangerous condition for such length of time that it was notice to the township authorities that the wire was a menace to the public, and that the township was negligent in not removing it. The court submitted to the jury to determine whether the defendant was negligent on either or both of these grounds, and the verdict was for the plaintiff. The defendant township has appealed.

We do not agree with the contention of the defendant that the township is not responsible for the unsafe condition of its highways caused by the defective condition of the overhanging electric wires. The Act of April 28, 1899, P. L. 104, creating townships of the first class, invests the township commissioners with authority over the highways and especially imposes on the township commissioners the duty to keep the highways in repair at all seasons and "clear of all impediments to easy and convenient passing and traveling." The act also authorizes the commissioners to construct footways along the highways, to establish lights along the highways where deemed expedient, and to establish and maintain a night watch and police force, and to define the duties of the same. Invested with such ample statutory powers, it was manifestly the duty of the township commissioners to protect the public in using the street in question by removing the defectively insulated

feed wire.   That wire was clearly an impediment in the street within the meaning of the act and, therefore, it was a failure of duty on the part of the commissioners not to protect the public against it.   It would be a very narrow construction of the act to hold, as contended by the defendant, that the duty of the commissioners was limited to keeping simply the surface of the highway clear of impediments.   The general road law which requires the supervisors to keep the highways free from obstructions was never so construed.   At present there is frequently as much danger to persons using highways from overhead wires and structures as from obstructions on the surface.   The purpose of the act was to afford to the public, in the language of the act, "easy and convenient passing and traveling" on the highways of first class townships, and it is apparent that this purpose can be accomplished only by keeping the highways "clear of all impediments" both on and above the surface.

It was the duty of the township to remove the fallen wire from the street, and we think that notice to its officers was notice to the township.   The ordinance adopted by the board of township commissioners provided that they should cause nuisances to be removed, and that policemen should perform similar duties.   It also appeared by the evidence that it was the duty of police officers, expressly imposed by the township supervisors, to examine and report daily upon the condition of the streets and highways of the township.   When, therefore, the police officers saw the guy wire "sparking on the street" on the morning of the accident, the township had notice of the fact and should have removed it or guarded it so as to protect persons using the street from coming in contact with it.

We have been compelled, in recent years, to reverse judgments so frequently for the use of intemperate and improper remarks of counsel in their address to the jury that it should now be understood that counsel who violate the well established rule in this respect do so at the

peril of their client's cause. In the case at bar, the learned counsel for the plaintiff, in addressing the jury, said "that the plaintiff, Ellen Davis, and her children will have to be supported by charity unless the jury give them a verdict." There was no evidence offered to prove the assertion, and had it been offered it would have been irrelevant and, therefore, would have been excluded. The main issue before the court and jury was whether the death of the plaintiff's husband was caused by the negligence of the defendant township. The financial condition of the plaintiff and her children had no relevancy to the issue and hence was not evidence for either party. It manifestly would not tend to prove or disprove the negligence of the defendant township, the chief issue in the case. The remarks of counsel were not a discussion of the evidence, and, as is obvious, tended to arouse the sympathy of the jury and prejudice them against the defendant. We cannot permit a verdict obtained by such means to stand, as we have ruled in many cases, among which may be cited Wagner v. Hazle Township, 215 Pa. 219; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492; Carothers v. Pittsburgh Rys. Co., 229 Pa. 558; and Connelly v. Pittsburgh Rys. Co., 230 Pa. 366. The trial court should have granted the request of defendant's counsel and withdrawn a juror.

The sixth and seventh assignments of error are sustained, and the judgment is reversed with a new venire.