# Weiss et ux. *v.* London Guarantee & Accident Co., Ltd., Appellant.

*Insurance—Burglary insurance—Evidence—Witness—Conflicting testimony—Guess.*

1. In an action on a policy of burglary insurance the burden is on the plaintiff to prove the burglary.

2. In such action, where plaintiff's case is based largely on the testimony of one witness, and it appears that there was some conflict between her testimony at the trial and that given on a former trial, the case is for the jury, where it does not appear that the conflicts alleged brought the case within the rule that the burden of proof is not met by the testimony of a witness when so conflicting as to render inferences therefrom a mere guess.

*Evidence—Witness — Cross-examination — Commission of previous crime—Credibility.*

3. A witness may be asked as to his conviction of such crime as affects his credibility, but not as to his alleged violation of the criminal laws, disconnected with the case on trial, for which he was never convicted.

4. It is not error to charge generally that while plaintiffs' criminal records affected their credibility as witnesses, it had no effect upon their right to contract.

*Appeals—Remarks of counsel—Failure to object at trial—Withdrawing juror—Continuance of case—Excerpts from charge—Context—General exception.*

5. On appeal, objection to remarks of counsel cannot be considered, where no objection was made thereto at the trial nor request for the withdrawal of a juror and continuance of case.

6. Excerpts from the charge alleged as error will not be considered on appeal, where it appears that, when taken with the context, they were free from error.

7. A mere mistake of fact in a charge, is not ground for reversal, where no request to have it corrected was made at the trial.

8. Such mistake, is not covered by a general exception to the charge.

*Insurance—Burglary insurance—Evidence—Ownership of property—Appeals.*

9. In an action on a burglary insurance policy, where there is some question as to the ownership of the property stolen, but the insurance company asks to have that question submitted to the

jury, it cannot complain, on appeal, that the finding in favor of plaintiffs was without sufficient evidence.

*Insurance—Burglary insurance—Tainted character of plaintiff's testimony—Charge.*

10. Where, in an action on a policy of burglary insurance, the tainted character of plaintiff's testimony is apparent, the court commits no error in pointedly calling the attention of the jury to the tainted character of the evidence, and in stating that a credible witness is one who is honestly trying to tell the truth without taint or favor, and who convinces the jury of his integrity and inspires them with confidence.

11. Where the charge as a whole is not assigned as error, the question of its adequacy will not be considered on appeal.

*Appeals—New trial—Weight of evidence.*

12. The question whether the verdict is against the weight of the evidence, is for the trial court, as a rule, and not for the appellate court.

Argued January 4, 1926. Appeal, No. 329, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 6404, on verdict for plaintiffs, in case of William and Lena Weiss v. London Guarantee & Accident Co., Ltd. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit on a policy of burglary insurance. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $7,300. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Wm. W. Smithers,* for appellant.—The uncorroborated story of the robbery itself, as told by the wife, and the testimony of both plaintiffs on ownership and their diamond dealing witness on value, whether considered

severally or in conjunction, lacked those essential qualities of evidence which the law deems necessary to constitute proof: Howard Express Co. v. Wile, 64 Pa. 201; Bank v. Wirebach, 106 Pa. 37.

The common law has ever been vigilant in combating tainted proof: Turner v. Com., 86 Pa. 54; Hopkins v. Tate, 265 Pa. 56.

Notwithstanding the modern statutes permitting parties to testify, our jurisprudence has always required special warning to juries as to interest, credibility and contradictions in a party's testimony, especially when corroboration upon the essential point is lacking: Holden v. R. R., 169 Pa. 1; Fineburg v. Ry., 182 Pa. 97.

*William T. Connor,* with him *John R. K. Scott,* for appellee, cited: Hobel v. Ry. & Light Co., 233 Pa. 450; Derrick v. Electric Co., 268 Pa. 136; Com. v. Williams, 209 Pa. 529; Com. v. Varano, 258 Pa. 442, 446; Marshall v. Carr, 271 Pa. 271; Com. v. Payne, 205 Pa. 101.

OPINION BY MR. JUSTICE WALLING, January 28, 1926:

In the spring and summer of 1921, the plaintiffs, William and Lena Weiss (husband and wife) resided on the third floor of 5836 Market Street, Philadelphia, and on June 1st, of that year, the defendant insurance company issued to them a policy of indemnity against loss of wearing apparel, precious stones, jewelry, etc., by burglary and larceny, not exceeding $4,000. By a rider added three weeks later, the policy was extended so as to cover loss by robbery from the person, and two months later (August 20, 1921) a further rider was added, increasing the amount of the policy to $8,000. Mrs. Weiss announced about midnight, on September 6, 1921, that three masked robbers had just entered her home, when she was alone, and had forcibly taken from her person jewelry of the value, as later shown, of about $6,050, of which due proofs of loss were submitted, but payment was refused on the contention that no such robbery had

in fact occurred; hence, this suit, which has been four times tried and three times appealed to this court, the initial trial having resulted in a disagreement of the jury. The first appeal, from judgment on a verdict for plaintiffs, was reversed for certain errors and a new trial was awarded (280 Pa. 325), which resulted in a verdict for defendant. The second appeal was from an order of the trial court granting plaintiffs a new trial; this we affirmed as the record failed to demonstrate a clear error of law or abuse of discretion (282 Pa. 127). The fourth trial resulted in a verdict and judgment for plaintiffs; therefrom defendant brought this appeal.

A careful examination of the entire record discloses no reversible error. On the first appeal we held the case was one for a jury to pass upon and, as to that, there is no controlling difference in the case as now presented. True, the burden was on plaintiffs to prove the robbery, which was done largely by the testimony of Mrs. Weiss and, while that differed in some respects from her prior statements, yet it did not as to the main question of the robbery. There are no such conflicts in her testimony, given at the last trial, as to bring the case within the rule of Zenzil et al. v. Del., Lack. & W. R. R. Co., 257 Pa. 473; Mulligan v. Lehigh Traction Co., 241 Pa. 139, and other authorities, to the effect that the burden of proof is not met by the testimony of a witness when so conflicting as to render any inference drawn therefrom a mere guess. It was shown by defendant that Mrs. Weiss' testimony at the last trial differed from her previous statements as to the ownership of the jewelry, as to how she went from her home to the theater on the evening in question, as to whether one of the alleged robbers was armed with a revolver, and as to whether she was born in Philadelphia or Canada; but these matters went merely to her credibility and were for the jury. She was somewhat corroborated by Mr. Weiss, and, as to the fact of plaintiffs' having the jew-

elry, by Joseph Feinberg, and, as to marks of violence on her face, by the testimony of two police officers.

The testimony of both plaintiffs and also that of Feinberg was discredited by their bad records, each having been punished for infractions of the criminal laws: Mrs. Weiss for being an inmate of and also for keeping a sporting house, which misconduct occurred both before and after her marriage. The trial judge, however, properly sustained an objection to cross-examination as to her alleged more recent similar misconduct, for which she had not been prosecuted. The rule is that a witness may be asked as to his conviction of such crime as affects his credibility, but not as to his alleged violation of the criminal laws, disconnected with the case on trial, for which he was never convicted: Marshall v. Carr, 271 Pa. 271; Com. v. Varano, 258 Pa. 442; Com. v. Williams, 209 Pa. 529; Ramsey v. Johnson, 3 P. & W. 293; Stout v. Rassel, 2 Yeates 334; and see Com. v. Payne, 205 Pa. 101; Hoffman v. Kemerer, 44 Pa. 452.

Complaint is made of the remarks of plaintiffs' counsel to the jury, but as no objection was made thereto at the trial or request for the withdrawal of a juror, the matter cannot now be considered: Kelly v. Scranton Ry. Co., 270 Pa. 77; Boggs v. Jewell Tea Co., 266 Pa. 429; McEvoy v. Quaker City Cab Co., 264 Pa. 418. Moreover, we have examined the alleged objectionable remarks and are not satisfied they were such as to require the withdrawal of a juror, had timely request therefor been made.

Our attention is called to certain excerpts from the charge, but they are free from error when taken with the context, as they must be. The sentence in the charge, quoting Mr. Smithers [defendant's attorney], was not just what he had said, but as it was free from error in law, and he did not ask to have it corrected at the trial, it affords no ground for setting aside the verdict. At most, it was a mistake of fact, not covered by the general exception taken: section 2 Act of May 24, 1923, P. L.

439. There was no error in instructing the jury, in substance, that, while plaintiffs' criminal records affected their credibility as witnesses, it had no effect upon their right to contract.

The insurance policy was issued to both plaintiffs and there was some question as to the sufficiency of proof of joint ownership, but as defendant, by its third request, which was affirmed, asked to have that question submitted to the jury, it cannot now complain that the finding thereon was without sufficient evidence: Means v. Gridley, 164 Pa. 387. "The request is equivalent to an admission that there is evidence sufficient to go to the jury on the issue": 38 Cyc. 1638; and see Carpenter v. Lancaster, 212 Pa. 581. In affirming defendant's first and second requests, the trial judge pointedly called the jury's attention to the tainted character of plaintiffs' testimony and what constituted a credible witness and there was no error in explaining in the general charge that a credible witness was one who was honestly trying to tell the truth without taint or favor and who convinced the jury of his integrity and inspired them with confidence. The charge as a whole is not assigned as error, so the question of its adequacy is not before us.

In Cantor v. National Surety Co., 208 N. Y. Appellate Division Reports 370, relied on by defendant, the appellate division granted a new trial, inter alia, because the verdict was against the weight of the evidence; but, in our practice, that is usually the function of the trial court.

The judgment is affirmed.