## Olsavsky et vir, Appellants, *v.* Bamford et al.

[redacted]

Argued October 4, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George S. Goldstein,* for appellants.

*Ernest C. Reif,* with him *Dickie, Robinson & McCamey,* for appellees.

OPINION PER CURIAM, October 14, 1949:

Plaintiffs brought an action in trespass against the defendants, public carriers, to recover damages for the injuries sustained by Anna A. Olsavsky on July 14, 1947, when as a passenger on a bus owned by the defendants the heel of the shoe on her right foot caught in a hole in the steel plate on the floor of the bus between the fare box and the door and catapulted her from the bus to the street. She sustained injuries to her knees, shoulders, back, left thumb and a tearing of the abdomen on the right side.

After trial the jury returned a verdict in the sum of $8,000 for the wife and the sum of $5,000 for the husband. Counsel for the defendants moved for judgment n. o. v. and a new trial and assigned eight reasons for a new trial, among which was: "8. Counsel for the plaintiffs, in this closing argument, so prejudiced the cause of the defendants with the jury by improper argument beyond the scope of the evidence and the infer-

ences to be drawn therefrom that the case should have been continued in harmony with the plea and motion of the defendants."

At one of the recesses during the trial the judge asked the defendants' counsel, in the presence of plaintiffs' counsel, if he, defendants' counsel, proposed to move for a compulsory non-suit. Defendants' counsel indicated that he did not intend to do so. This was in the judge's chambers. In a final summation plaintiffs' counsel commented on the fact that such an incident took place. These remarks were allegedly to the effect, "The Judge said, 'You are not going to file a motion for compulsory nonsuit in view of this evidence.'" Defendants' counsel now argue that plaintiffs' counsel in making the statement gave the jury "the Trial Judge's supposed evaluation of the evidence." Defendants' counsel moved the Court to withdraw a juror on account of the alleged prejudicial remarks. This motion was refused. In his opinion ordering a new trial the judge said: "How prejudicial this unfortuitous but unintentional remark of counsel for plaintiff may have been we are unable to determine. It may have had considerable influence on the jury, which deliberated from 2:15 p. m., when it retired, to 11:00 p. m. on February 18, 1949, either on the matter of liability or the matter of damages."

The court then ordered a new trial because of these remarks, stating: "The sole ground for granting this new trial is the unfortunate remark of Counsel for plaintiffs in his summation to the jury, and in granting this new trial it is not to be construed that he is being criticized in the circumstances."

We find no abuse of discretion in the action of the court in granting a new trial. It was highly improper for plaintiffs' counsel to reveal to the jury what took place between opposing counsel and the Trial Judge in the privacy of the judge's chambers. It is well for attor-

neys to bear in mind what was said by this Court in *Mittleman v. Bartikowsky*, 283 Pa. 485: "It is to be regretted that all members of the Bar do not always keep in mind what was said by this court years ago, that 'A cause is not well tried unless fairly tried and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony': Saxton v. Pittsburgh Rys. Co., 219 Pa. 492, 495. The winning of a verdict should be a hollow reward to the advocate who has brought it to pass by appeals to a jury's prejudices and not by the strength of the case presented. Such verdicts are, moreover, worthless, for the courts will not let them stand."

The order of the court is affirmed.