Narciso, Appellant, *v.* Mauch Chunk Township.

Argued January 15, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

*Martin H. Philip*, with him *Philip & Philip*, for appellants.

*Albert H. Heimbach*, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, March 24, 1952:

On the night of March 19, 1947, Mary Narciso stepped into a hole in a public street in Mauch Chunk Township, Carbon County, and received serious and painful injuries. She and her husband, Emedio Narciso, brought this suit against the township to recover compensation. At the trial they produced evidence which, if believed by the jury, established negligence. Defendant, on the other hand, sought to show that there was sufficient light for wife-plaintiff to have

seen the hole and avoided it had she exercised reasonable care. On these issues the case was submitted to the jury which returned a verdict for defendant. Following the denial of a motion for new trial and the entry of judgment on the verdict, plaintiffs appealed.

Two issues are raised by the appeal. The first concerns the refusal of the trial judge to affirm a point for charge. No exception was taken to that ruling and it is, therefore, not properly before us for review: *Gross v. Clapper,* 369 Pa. 348, 85 A. 2d 618.

The second point, however, raises a serious question as to the propriety of certain remarks by counsel for defendant in his closing address to the jury. In that speech counsel admittedly stated that the suit in reality was against the taxpayers of the township and not against the township itself. It is plaintiff's contention that this remark was so improper and prejudicial that it was likely to appeal to the passions and prejudices of the jury that a new trial should be granted.

It is well established that any statements by counsel, not based on evidence, which tend to influence the jury in resolving the issues before them solely by an appeal to passion and prejudice are improper and will not be countenanced. As we have stated on many occasions: ". . . a verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony": *Saxton v. Pittsburg Railways Co.,* 219 Pa. 492, 495, 68 A. 1022; *Kelly v. Scranton Railway Co.,* 270 Pa. 77, 79, 112 A. 748; *Mittleman v. Bartikowsky,* 283 Pa. 485, 486, 129 A. 566; *Olsavsky v. Bamford,* 363 Pa. 47, 50, 68 A. 2d 594.

This Court is, of course, well aware that occasionally, in the heat of trial, counsel may make a statement which is not justified by the record but which may or

may not have had a prejudicial effect on the jury. For that reason the granting of a new trial rests largely in the discretion of the trial judge. If he feels that an admonition to the jury to disregard the remark is sufficient we are reluctant to reverse since the trial judge is in a better position to see and understand the atmosphere of the trial and the effect the statement had on the jury. See e.g.: *Clark v. Essex Wire Corp.*, 361 Pa. 60, 65, 63 A. 2d 35; *Nat. Bk. & Tr. Co. v. Enameled M. Co.*, 324 Pa. 186, 188 A. 143; *Wyatt v. Russell*, 308 Pa. 366, 370, 162 A. 256; *Donahue v. Punxsutawney Boro.*, 298 Pa. 77, 84, 148 A. 41. But this Court is quick to act when there has been an abuse of discretion and that is determined by an examination of the remark made, the circumstances under which it was made and the precautions taken by court and counsel to remove its prejudicial effects: *Wilhelm v. Uttenweiler*, 271 Pa. 451, 453, 112 A. 94.

Although the standards of our bar are high the cases involving improper remarks of counsel are numerous. From these cases it is quite clear that this Court will not tolerate any irrelevant remarks by counsel which are reasonably likely to have a direct and prejudicial effect on the award of damages. The most obvious examples of this rule are the cases where attempts were' made to show that defendant is protected by liability insurance: *Curran v. Lorch*, 243 Pa. 247, 90 A. 62; *Hollis v. United States Glass Co.*, 220 Pa. 49, 69 A. 55. However, it has also been held error to state to the jury the amount claimed in the complaint (*Bullock v. Chester & Darby T. R. Co.*, 270 Pa. 295, 113 A. 379; *Carothers v. Pittsburg Ry. Co.*, 229 Pa. 558, 79 A. 134), the amount of a previous award (*Fisher v. Dela., L. & W. R. R. Co.*, 227 Pa. 635, 76 A. 718; *Wagner v. Hazle Township*, 215 Pa. 219, 64 A. 405), the size of a defendant corporation and its ability to pay a large verdict

(*Saxton v. Pittsburg Railways Co.,* supra), or the dependence of plaintiff on charity if a satisfactory verdict is not obtained (*Davis v. Stowe Twp.,* 256 Pa. 86, 100 A. 529).

That line of cases directly rules this case. The only purpose that counsel could have had in stating that the suit was in reality against the taxpayers was to appeal to the prejudice of the jurors against expenditures of the taxpayers' money and the possible resultant increase in taxes. It was an improper attempt to influence the award of a verdict and was just as fundamentally prejudicial as was its opposite made in *Walsh v. Wilkes-Barre,* 215 Pa. 226, 64 A. 407. There, plaintiff was injured as a result of a defective sidewalk and suit was brought against the city. Counsel for plaintiff in his summation stated that the property owner was finally liable and not the city, thus implying that the verdicts would not fall on the taxpayers. We there reversed and held that "It was wholly immaterial and irrelevant in the trial of this cause who might be ultimately liable." The court below attempts to distinguish the *Walsh* case because the remark there would tend to increase the verdict whereas such would not be the case here. Such a distinction cannot be sustained in law or in logic. The true analysis is that in both cases the verdict is likely to be affected by the statements which were irrelevant, immaterial and highly prejudicial.

Nor did the trial judge do anything to eliminate the prejudice created by that statement. On the contrary, when objection was made to the remark the court stated: "We will disregard the objection. Proceed." In the eyes of the jury that might well have lent authority to the statement by implying judicial sanction of it: *Bullock v. Chester & Darby T. R. Co.,* supra; *Walsh v. Wilkes-Barre,* supra.

Defendant argues that plaintiffs should have moved for the withdrawal of a juror when the statement was made and having failed to do that, he may not now be heard to complain. It is unquestionably true that remarks of counsel cannot form a basis for a new trial in the absence of timely objection: *Weiss v. London G. & A. Co., Ltd.*, 285 Pa. 251, 255, 132 A. 120; *McEvoy v. Quaker City Cab Co.*, 264 Pa. 418, 421, 107 A. 777. The reason for this rule is obvious. In many cases the effect of an erroneous or misleading statement can be corrected if it is called to the court's attention immediately but if a party chooses to remain silent we must assume that he felt the remark did him no harm. Here, an objection was promptly made but was disregarded by the court. Plaintiffs did everything required of them to make the error apparent to the court. While the better procedure would have been to move for the withdrawal of a juror, the objection alone was sufficient to preserve the point for review by this Court.

The remark of counsel was designed solely to appeal to the prejudices of the jurors. As we stated in *Mittleman v. Bartikowsky*, supra, at p. 486: "The winning of a verdict should be a hollow reward to the advocate who has brought it to pass by appeals to a jury's prejudices and not by the strength of the case presented. Such verdicts are, moreover, worthless, for the courts will not let them stand."

Judgment reversed and a new trial ordered.