### Mary Jean Rollo v. State of Vermont, Roy Carpenter, Vernal Combs and John Doe

[421 A.2d 1298]

No. 291-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 9, 1980

*William R. Brooks* and *Edward J. Tyler, III*, of *Tyler and Bruce,* St. Albans, for Plaintiff.

*Barbara E. Cory* of *Dinse, Allen & Erdmann,* Burlington, for Defendant.

**Per Curiam.** Plaintiff commenced this action claiming damages for injuries sustained from a fall in her driveway. She claimed that the ice which caused her fall was the result of the negligence of the defendant State of Vermont and its employees. The jury returned a verdict in favor of the defendant, and plaintiff timely filed a motion for a new trial. The trial court denied the motion, and plaintiff filed this appeal.

Plaintiff brings before this Court only one issue. She contends that certain closing remarks of defense counsel were so prejudicial that a new trial should have been granted. Those remarks were as follows:

> One more thing I would just like to point out. The State of Vermont in this case is not, as I am sure—I think this is probably fairly obvious—is not a huge, profit-making corporation; it's the people of the State of Vermont. It's you. And I think you would want to be in a position, if you were sitting in the State of Vermont's . . . .

Counsel for plaintiff immediately objected to the remarks, and the trial court instructed the jury to disregard them.

"It is well established that any statements by counsel, not based on evidence, which tend to influence the jury in resolving the issues before them solely by an appeal to passion and prejudice are improper and will not be countenanced." *Narciso* v. *Mauch Chunk Township,* 369 Pa. 549, 551, 87 A.2d 233, 234, 33 A.L.R.2d 438, 440 (1952); accord, *Duchaine* v. *Ray,* 110 Vt. 313, 6 A.2d 28 (1939). Moreover, such statements are of dubious ethical propriety. Code of Professional Responsibility, 12 V.S.A. App. IX, EC 7-25, DR 7-106(C)(1).

In the case at bar, it is clear from defense counsel's closing remarks that she was attempting to convey to the jurors that they, as taxpayers, ultimately would be liable for

any amount awarded to plaintiff. This was improper. See *Narciso* v. *Mauch Chunk Township, supra.* And, when called to the trial judge's attention by way of objection, he realized the impropriety and instructed the jury to disregard the comment. Apparently satisfied with the curative instruction, plaintiff made no further objections or motions until after the jury returned with its verdict. Plaintiff then filed her motion for a new trial.

A motion for a new trial is directed to the sound discretion of the trial court, and that court's ruling will not be reversed on appeal unless it constitutes an abuse of discretion. *O'Neil* v. *Buchanan,* 136 Vt. 331, 388 A.2d 431 (1978). In the instant case, we fail to see how the trial court abused its discretion. After defense counsel made the objectionable statement, plaintiff claimed foul. The trial court agreed and took steps to prevent the comments from prejudicing the jury. Plaintiff made no motion for a mistrial, and she allowed the case to be submitted to the jury. Only after she received an unfavorable verdict did plaintiff claim the trial court's instruction was insufficient to remove the taint of defense counsel's remarks. Having been previously satisfied with the trial court's handling of the matter, plaintiff will not now be heard to claim error because her gamble on a favorable verdict did not pay off. See *State* v. *Bartlett,* 137 Vt. 400, 405, 407 A.2d 163, 166 (1979).

*Affirmed.*